· FREDERICK MAYES, *Appellant*, v. MAUDE P. HALE, *Appellee*.

### Opinion Filed June 24, 1921.

1. The erection on a lot of "an apartment house containing five or six separate and distinct apartments, for five or six separate and distinct tenants or families," is a breach of a covenant in a conveyance of the lot that it is to "be used for residential purposes only, and only one residence is to be erected on each lot."

2. The facts averred by plea as to acquiescence do not estop the grantor from enforcing a covenant as to the nature of a building to be erected on a lot in a residence section.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

· Affirmed.

*H. S. Hampton, John W. Bull* and *Sandford & Hampton*, for Appellant;

*Wm. Hunter*, for Appellee.

WHITFIELD, J.—A bill was brought to enjoin the erec-

tion of ''an apartment house containing five or six sepa-
rate and distinct apartments, for five or six separate and
distinct tenants or families,'' upon a city lot covenanted
''to be used for residential purposes only, and only one
residence is to be erected on each lot.'' The court over-
ruled a demurrer to the bill of complaint, and defendant
filed the following plea:

''He admits that he is erecting an apartment house upon
the premises in question, which is to be used only for resi-
dential purposes, and is to consist of only one building con-
taining six separate apartments; that he began work on
said premises preliminary to laying the foundation for
said building early in December, 1920, and several days
prior to that date the complainant knew that he, the said
defendant, intended to erect an apartment house upon said
premises; notwithstanding the complainant had been noti-
fied by this defendant, the complainant did not take any
legal steps to prevent this defendant from erecting said
apartment house upon the premises, and did not file her
bill of complaint in this cause until December 24, 1920,
although aware during said time of defendant's said build-
ing operations; whereupon, subpoena was served upon this
defendant on January 5, 1921; that this defendant, acting
in good faith, and assuming that he had legal right to erect
a building of such nature upon said premises, has already
incurred an expense of approximately Eight Thousand
($8,000.00) Dollars for labor and material actually laid
out and expended in the erection of said building upon
said premises, practically the entire frame work of said
building having already been erected with the knowledge
of the complainant, in which the complainant has up until
the present time acquiesced, and although complainant
prayed for an injunction in her said bill of complaint, she
has never applied for same, and this defendant says that

the complainant has not acted with diligence in asserting her rights under said bill of complaint, but has been guilty of such laches as constitute a bar to relief prayed for in this suit.''

The plea was overruled and the defendant appealed.

If the erection of the apartment house is not a violation of the covenant that the lot is to be used for residential purposes only, it is a violation of the covenant that ''only one residence is to be erected on each lot.'' See Schadt v. Brill, 173 Mich. 647, 139 N. W. Rep. 878, 45 L. R. A. (N. S.) 726, and notes.

While covenants relative to building restrictions should not be too strictly construed against the rights of the owner to use his property, yet such covenants when valid should be so interpreted as to give effect to the intent of the parties to the covenant.

Considered in connection with the context, the covenant that only one residence is to be erected on each lot, was clearly intended to confine the erections of residence buildings on the lots to residences for the usual collective family purposes, and not to apartment houses to be let to several separate families. See 89 S. W. 577; 154 S. W. 808.

The facts alleged in the plea do not estop the plaintiff.

In the case of Middleton v. Frank, 80 Fla. 334, 86 South. Rep. 207, the deed of conveyance did not contain the restrictive covenant and the particular facts of the case justified a denial of the relief sought.

Affirmed.

BROWNE, C. J., and TAYLOR, ELLIS and WEST, J. J., concur.