GEORGE W. HOLMES, AS RECEIVER OF THE ESTATE OF BART-
LETT L. PAINE, DECEASED, *Appellant,* v. BARNARD KIL-
GORE, *Appellee.*

## Division B.

### Opinion Filed February 28, 1925.

1.  In a suit by a receiver for an accounting on a contract where the bill and answer make a clear issue it becomes a subject of judicial investigation and the equities of the parties being at stake, the decree of the Chancellor should be founded on a consideration of the evidence adduced, and not on presumptions.

2.  Under the provisions of Section 2705, Revised General Statutes of Florida when suit is brought by the receiver of a deceased party for accounting on a contract, the surviving party is prohibited from giving testimony as to any "transaction or

communication" between him and the deceased party unless the receiver testifies in regard to such transaction or communication.

3. The law is against the destruction of. contracts because of ambiguity. If no competent direct testimony is adduced to shed light on this intention the court must then resort to the plain terms of the entire instrument,. and in this connection he will be guided by the nature, subject-matter and purpose of the contract.

4. All contracts must be given a reasonable interpretation according to the intention of the parties at the time of executing them, if that intention can be gleaned from the language of the contracts.

5. Where the language of a contract is contradictory, obscure, or ambiguous, or where its meaning is doubtful so that it is susceptible of two constructions, one of which makes it fair, customary and such as a prudent man would naturally execute, while the other makes it inequitable, unnatural, or such as a reasonable man would not be likely to enter into, the interpretation which makes a rational and probable agreement must be preferred.

6. It is a well established canon or rule of construction that in order to arrive at the intention of the parties the contract must be read in the light of the circumstances under which it was executed.

An Appeal from the Circuit Court for Pinellas County; M. A. McMullen, Judge.

Decree reversed.

*McKay & Withers,* for Appellant;

*W. B. Dickenson,* for Appellee.

TERRELL, J.—Bartlett L. Paine, of Lincoln, Nebraska, and Barnard Kilgore, of Clearwater, Florida, became in-

volved in three separate contracts. The first of said contracts was a partnership contract on the part of Paine and Kilgore to purchase and operate a certain orange grove at Crystal Beach, Florida. The second contract was an agreement on the part of Paine to sell to Kilgore an undivided one-half interest in a certain orange grove near Clearwater, Florida; and the third contract was an agreement on the part of Paine to sell Kilgore certain lands in Palm Beach County, Florida.

The bill in effect alleges that early in 1921 when all these contracts were alive, Paine died, and George W. Holmes, appellant, was appointed receiver of his estate. This suit is brought by Holmes as receiver of the estate of Paine against Kilgore for an accounting on all of said contracts. Answer was filed and a master was appointed to take testimony.

Some testimony was taken for the purpose of determining the state of the accounts between the parties when it developed that the accounts were not complete and that the parties were widely at variance as to the law of the case. It was then agreed that the master's report of the testimony taken should be filed and the cause submitted to the court on final hearing for the purpose of adjudicating the equities between the parties by construing the contracts and ruling upon the admissibility of any testimony that had been introduced, and establish a rule to be followed in stating a final account between the parties. From such final decree ruling on objections to testimony and construing the contracts or adjudicating the equities between the parties, appeal is taken to this court.

The first contract was dated April 15, 1914, and omitting description and formal parts, is as follows:

"The amount paid for the property being thirteen thousand seven hundred fifty ($13,750.00) dollars, six thou-

sand two hundred in cash, the balance in three equal annual payments, with interest at eight per cent per annum; it being the agreement that B. L. Paine furnish the money for the cash and deferred payments, when same is in excess of the net income from the grove, while B. Kilgore is to have charge of the property, and see that the place is properly cared for, for which service he is to receive no salary.

"This agreement is to continue in full force and effect for five years, or such time before as B. Kilgore shall repay B. L. Paine one half the entire amount invested to that date, including interest at seven per cent.

"All net income shall be paid to B. L. Paine, but shall be divided on the basis of equal joint ownership, when final settlement has been reached.

"After final settlement, the property shall be owned and operated as equal ownership, each party sharing profits and losses alike."

In adjudicating the equities of the parties as effected by the foregoing terms of the first contract the court, among other things, said:

"And nothing appearing by the record that the said B. L. Paine at any time questioned the right or title of the said Barnard Kilgore to an undivided one-half interest in said land, and the record being equally silent as to what, if anything, has been paid by the said Barnard Kilgore on account of said purchase price, the court *presumes* that the contract had been fully complied with by the defendant, Barnard Kilgore, etc. . . ."

This ruling is the basis of the 1st, 3rd, 4th, 5th and 5thA assignments of error.

We think the bill and answer made a clear issue on this question, and to dispose of it on a mere presumption was erroneous. It is true that the five-year limit for performance on the part of Kilgore had expired by about two years before the death of Paine, and no question appears to have

been raised by him, but since an issue had been made on that point it became a subject of judicial investigation, and where the equities of the parties were at stake the decree of the chancellor should have been founded on a consideration of the evidence adduced rather than on presumptions.

The 6th, 7th and 8th assignments of error attack the construction of the chancellor as applied to the second contract.

That part of the second contract pertinent to this discussion is as follows:

"It is agreed that on or before April 25th, 1921, B. Kilgore will buy and B. L. Paine will sell the undivided one-half interest in the grove known as the Cox Grove (description omitted) for the sum of six thousand five hundred dollars ($6,500.00) which is one-half of the original cost price, and all of the net earnings from the operation of said property taken therefrom.

"It is further agreed that B. Kilgore will, as Superintendent, have this property cared for in a business-like manner until purchase above described is consummated, for which services he will receive no compensation."

The record discloses that the interpretation of the second contract was based on testimony of Kilgore as to how the $6,500.00 named therein should be paid. Paine, the other party to the contract, being deceased, we think that under the provisions of Section 2705, Revised General Statutes of Florida, this testimony of Kilgore was clearly incompetent at this time and should have been excluded by appellant's motion for that purpose as shown by the second assignment of error.

Under the provisions of Section 2705, Revised General Statutes of Florida, unless Mr. Holmes, the appellant, testifies in regard to the subject matter of the contracts, Mr. Kilgore is prohibited from giving testimony as to any

"transaction or communication" between him and Paine about them.

It cannot be said that the contract in question is not ambiguous, but the theory of the law is against the destruction of contracts because of ambiguity, and we think this one may be construed to effectuate the reasonable intention of the parties. If no competent direct testimony is adduced to shed light on this intention the court must then resort to the plain terms of the entire instrument, and in this connection he will be guided by the nature, subject matter and purpose of the contract. Such preliminary negotiations leading to it as can be ascertained, the surrounding circumstances supporting it and the language in which it is expressed may be considered.

All contracts must be given a reasonable interpretation according to the intention of the parties at the time of executing them, if that intention can be gleaned from the language of the contracts. Where the language of a contract is contradictory, obscure, or ambiguous, or where its meaning is doubtful so that it is susceptible of two constructions, one of which makes it fair, customary and such as a prudent man would naturally execute, while the other makes it inequitable, unnatural, or such as a reasonable man would not be likely to enter into, the interpretation which makes a rational and probable agreement must be preferred. If one construction would make it unreasonable, while another would do justice to both parties, the latter will be adopted. 6 R. C. L. 841, 849.

The 9th, 10th and 11th assignments of error attack the ruling of the chancellor construing the third contract herein referred to.

That part of the third contract pertinent to this discussion is as follows:

"Barnard Kilgore will buy and B. L. Paine will sell to him a certain tract of land of about forty acres bought from Mr. Rice, on the South Shore of Lake Okeechobee, and the vicinity of Ritta (description omitted) at the original cost price to B. L. Paine, with seven per cent interest, at such time before five years as it is convenient for both parties to consummate trade.

"It is understood that the active operation will be with Barnard Kilgore, and that his actual costs shall be offset and net income from the property will be paid to B. L. Paine, once each year.

"It is understood that the business on this place will be in the same manner as the grove property at Sutherland, which business is Kilgore and Paine at present."

In general what has been said with reference to the preceding assignments applies with equal force to the 9th, 10th and 11th assignments.

The record shows that the testimony is incomplete. If it is not possible by competent testimony to ascertain the real intention of the parties to these instruments, then under the rule already announced in this opinion it becomes the duty of the chancellor to look to the subject-matter, the language used and the surrounding circumstances actuating the parties, and from these as near as is humanly possible to do to meet out justice and equity to them.

It is a well established canon or rule of construction that in order to arrive at the intention of the parties the contract must be read in the light of the circumstances under which it was executed. Courts in other words are never shut out from the same light enjoyed by the parties when the contract was executed and are accordingly entitled to place themselves in the same situation as the parties who made the contract, so as to view the circumstances as they viewed them and to judge the meaning of words and correct application of the language to the subject-matter.

General or indefinite terms employed in the contract may be thus explained or restricted as to their meaning and application and the contract as a whole construed to give it such effect and none other as the parties intended at the time it was made. 6 R. C. L. 849, and many cases there cited.

The decree below is therefore reversed and the cause remanded for further proceedings.

WHITFIELD, P. J., AND WEST, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.