LILLY K. HEISLER AND HER HUSBAND, H. G. HEISLER, *Appellants*, v. ANNA MARCEAU AND HER HUSBAND, L. E. MARCEAU, H. F. PARSONS, A. L. STERNER, ALBERT G. KIPPEL, JOHN W. HEATH, A. J. SHANKWEILER, AND OSCAR A. AYALA, *Appellees*.

Opinion Filed February 13, 1928.

Petition for Rehearing Denied May 15, 1928.

*J. D. Lovett,* for Appellants;

*Macfarlane, Pettingill, Macfarlane & Fowler,* for Appellees.

WEST, Circuit Judge:

This case involves the construction of alleged restrictive covenants contained in a deed under which defendants (appellants) acquired title to and hold certain described lots located in Suburb Royal, a subdivision of the City of Tampa. Conceiving a building proposed by defendants to be erected upon lots owned by them in the subdivision to be of a character forbidden by such covenants, complainants (appellees), who were owners of adjacent lots, holding under deeds containing like covenants, filed their bill, seeking to enjoin the erection and use of such building as a sanitarium. No question of the right of complainants to prosecute this suit is made. The defense is planted squarely upon a denial of the breach of the covenants. This is the only question argued in the briefs on behalf of appellants. It is, therefore, decisive of this appeal.

The covenants in defendants' deed alleged to have been breached are as follows:

"No tents, nuisances, etc., * * * shall be permitted on said premises, nor shall the premises be used for any purpose in any way tending to injure the value of the adjoining or nearby lot or lots, or to endanger the health of adjoining or nearby land."

"Said property is not to be used for the site of a factory, shop or for any other purpose inconsistent with the nature of a strictly residential section."

The deed also contains the following provision: "Herein enumerated restrictions shall be deemed covenants and not conditions, and shall run with the land, and shall bind the party of the second part, her heirs, executors, administrators and assigns until January 1st, 1935."

Evidence was taken before the chancellor. Upon final hearing he entered a decree permanently restraining and enjoining defendants from using or occupying the building

erected by them on said lots "for the purpose of a sanitarium or for any other purpose inconsistent with the nature of a strictly residential section."

There is no dispute that the proposed building is to be used and occupied as a private sanitarium. Its plan and specification, according to the evidence, indicate unmistakably that it is designed for that purpose. It is not a residence. It is not "strictly residential" in type or character. There is no evidence that it is the intention of the defendants to use it as a residence, as distinguishable from the purpose for which it is designed.

In Moore v. Stephens, 90 Fla. 879, 106 South. Rep. 901, the question presented was, whether the use by the owner, in the manner alleged, of the premises described, was a violation of the restrictive covenant contained in the deed under which the defendant held the property. It is so stated in the opinion.

The covenant respecting the use of the property in that case restricted it to "residence purposes only." It was proved that the first floor of the building constructed by the defendant on the premises was adapted to use as a studio for instruction in vocal music; that defendant was a teacher of vocal music, and lessons were given by him in such building on each day of the week, except Sunday, with occasional lessons on Saturday, to individuals and classes or choruses; that periods of instruction of individuals were for half an hour, and that lessons begin at from 7:15 to 8 o'clock in the morning and continued intermittently through the day until about 8 P. M., and occasionally until 10 P. M.

The second floor of this building was used and occupied by defendant and his family as their usual place of residence, and was so constructed that it was suitable for that use.

The Court held that "such use does not substantially harmonize with, but violates the obvious purpose of a covenant restricting the property to use for "residence purposes only," and affirmed a decree perpetually enjoining defendants from use of the premises for any purpose whatsoever except that of "residence purposes only," and that in the ordinary, common acceptation of that term.

In Mayes v. Hale, 82 Fla. 35, 89 So. Rep. 364, it was held that the covenant in a deed restricting the use of property conveyed "for residence purposes only, and only one residence is to be erected on each lot," was breached by the erection on such property of "an apartment house containing five or six different apartments for five or six different tenants or families."

While this Court, in all the cases, has given effect to the doctrine that covenants restraining the free use of real property are not favored, yet it has recognized, as equally well established, that where such restrictions are confined to a lawful purpose and are within reasonable bounds, and the language employed in expressing them is clear, such covenants will be enforced. 11 Cyc. 1077; Mayes v. Hale, *supra;* Moore v. Stephens, *supra;* Stephl v. Moore, — Fla. —, 114 South. Rep. 455. And the intention of the parties to the covenant, construed in the light of the surrounding circumstances, as expressed in the whole of the instrument containing the covenant, not the opinion of witnesses as to whether a different use of premises conveyed would be helpful or detrimental, is controlling. 6 R. C. L. 849; Holmes v. Kilgore, 89 Fla. 194, 103 South. Rep. 825. .

That a sanitarium, to which persons suffering from various maladies may resort and congregate for care or treatment, is not a residence, would seem to be clear, and that use of premises as a sanitarium does not comport with a covenant that such property shall not be used for any pur-

pose "inconsistent with the nature of a strictly residential section," is equally clear. From the standpoint of its use by the owner, such an institution is a commercial enterprise.

The decree appealed from should be affirmed.

Affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing Opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its Opinion, it is considered, ordered and decreed by the Court that the decree of the Circuit Court in this cause be and the same is hereby affirmed.

WHITFIELD, P. J., AND TERRELL, BROWN AND BUFORD, J. J., concur.