54 So.2d 433 (1951)
BALLINGER et ux.
v.
SMITH.
Supreme Court of Florida, en Banc.
October 16, 1951.
J. Kenneth Ballinger, Tallahassee, for appellants.
Will J. Oven, Tallahassee, for appellee.
ROBERTS, Justice.
In a suit in the court below to determine the rights of the parties under a contract for the purchase and sale of a certain lot in Betton Hill Subdivision of Tallahassee, Florida, the court interpreted the following building restriction, to wit: "No residential lot shall be resubdivided into building lots other than those shown on the recorded plat heretofore referred to, nor shall any building be erected on any residential building lot other than shown on said recorded plat" as preventing a person from building a residence in the subdivision unless he owned at least one entire lot according to the plat referred to; and, in the opinion of the writer, the only question properly before this court is whether the lower court erred in such interpretation.
The building restrictions applicable to the subdivision also provide that "No building shall be erected on any lot in said subdivision unless the design and location of such building have been approved in writing by a Committee appointed by the Grantors hereinabove named, their heirs and assigns, or by a majority of the owners of lots in said subdivision * * *."
The law favors the free and untrammeled use of real property. Restrictions in coveyances on the fee are regarded unfavorably and are, therefore, strictly construed; but when the intention is clear the courts will enforce such restrictions, if not unreasonable. Moore v. Stevens, 90 Fla. 879, 106 So. 901, 43 A.L.R. 1127; Heisler v. Marceau, 95 Fla. 135, 116 So. 447.
The restrictive covenants here clearly manifest the fact that it was the intention of the subdividers, as a general overall plan for the harmonious development of the subdivision as an attractive residential area, to allocate to each residence to be built in the subdivision at least one entire lot, as platted by them, and to require the prospective builder to obtain the approval of the building committee as to *434 the location on such lot of his proposed residence, before proceeding with construction.
The parties did not raise the question of the reasonableness of the restrictions, either as to the subdivision as a whole, or as to their application to the appellants' specific property; and we do not here determine whether the enforcement thereof in connection with such specific property would be without substantial value in carrying out the general plan of the subdividers, or for any other reason inequitable. See Rogers v. Zwolak, 12 Del. ch. 200, 110 A. 674; Trustees of Columbia College v. Thacher, 87 N.Y. 311, 317, 41 Am.Rep. 365, 367; Union Trust & Realty Co. v. Best, 160 Cal. 263, 116 P. 737; Thompson on Real Property, Perm.Ed., Vol. 7, Sections 3640, 3647, and 3662.
The appellants having failed to show that the lower court erred in its interpretation of the restrictions, the final decree should be affirmed, without prejudice to the right of the appellants to litigate the question of the reasonableness of the restrictions in separate proceedings.
It is so ordered.
SEBRING, C.J., and TERRELL and ADAMS, JJ., concur.
CHAPMAN, J., concurs with opinion.
THOMAS and HOBSON, JJ., not participating.
CHAPMAN, Justice (concurring).
The defendants-appellants acquired a deed to Lot 6 of Block "D" in Betton Hill, a Tallahassee subdivision, from Guy L. Winthrop, and others, dated August 15, 1946. The grantors of the property, to wit, Guy L. Winthrop and others, on April 26, 1939, placed of record restrictions on the use of the property and the appellants are required to hold the described property with a knowledge of these restrictions and were bound by the legal effect thereof, provided they are not repugnant to trade and commerce or in derogation of the applicable common law. Such restrictions and limitations on the use of property are not favored by the law and the courts uniformly hold that the same must be strictly construed. Mayes v. Hale, 82 Fla. 35, 89 So. 364; Moore v. Stevens, 90 Fla. 879, 106 So. 901, 43 A.L.R. 1127; Heisler v. Marceau, 95 Fla. 135, 116 So. 447; Holmes v. Kilgore, 89 Fla. 194, 103 So. 825; City of Miami Beach v. State ex rel. Lear, 128 Fla. 750, 175 So. 537; Noble v. Kisker, 134 Fla. 233, 183 So. 836.
The deed, by stipulation of the parties, contains the following restrictions:
"It is expressly stipulated and agreed that the property hereinabove described is sold subject to restrictions set forth in that certain contract dated April 26, 1939 and recorded on page 121 of Deed Book 39 of the public records in the office of the Clerk of the Circuit Court in and for Leon County, Florida, and that such restrictions are to run with the land to be binding on all parties hereto and all persons claiming under them until January 1, 1970."
"(C) No residential lot shall be resubdivided into building lots other than those shown on the recorded plat heretofore referred to, nor shall any building be erected on any residential building lot other than shown on said plat."
"(H) No building shall be erected on any lot in said subdivision unless the design and location of such building have been approved in writing by a Committee appointed by the Grantors hereinabove named, their heirs and assigns, or by a majority of the owners of lots in said subdivision * * *".
"(J) These covenants and restrictions are to run with the land and shall be binding on all parties and all persons claiming under them until January 1, 1970, at which said covenants and restrictions shall terminate."
"(K) If the parties hereto, or any of them, or the heirs or assigns of any of them, shall violate or attempt to violate any of the covenants or restrictions herein before January 1, 1970, any other person, or persons owning lots in `Betton *435 Hill' shall have the right to have enjoined any such violation or attempted violation of any of said covenants or restrictions, and shall also have the right to recover any damages or other losses sustained on account of any such violations."
Some authorities hold that the courts may hear testimony on the question of whether or not the involved restrictions are reasonable and just, but the weight of authority is to the effect that a purchaser cannot be compelled to accept a title encumbered with a servitude or restriction when his contract of purchase provides for a marketable title. Land is not free from encumbrances where it is subject to a restriction as to the purpose for which it may be used. The purchaser cannot be forced to accept a conveyance subject to restrictions when the contract of purchase provides for a merchantable title. Devlin on Real Estate, Vol. 3 (3rd Ed.) 2732-2733, par. 1521. The question as to the reasonableness of the restriction was not an issue in the lower court. I agree to the order of affirmance without prejudice.