75 So.2d 907 (1954)
WASHINGTONIAN APARTMENT HOTEL CO., a Florida corporation, and Gladwin Corporation, a Florida corporation, Appellants,
v.
Rose SCHNEIDER, Gertrude Schneider and Fred Schneider, Appellees.
Supreme Court of Florida. Special Division B.
November 16, 1954.
Rehearing Denied December 13, 1954.
*908 Harold Tannen, Miami, for appellants.
Nathanson, Oka & Spaet, and A. Daniel Killian, Jr., Miami Beach, for appellees.
THOMAS, Justice.
The appellants challenge a decree entered in appellees' favor in a suit by the latter to secure a mandatory injunction to force the removal of a portion of a building that was being constructed within ten feet of the common line.
The chancellor ordered the appellants to pay to the appellees approximately twenty-two hundred dollars damages, costs and fees and decreed "that should the defendants [appellants] fail to pay the * * * sums within the time prescribed [ten days] then the defendants [appellants] are ordered to remove those portions of the building which encroach in the area * * *."
From the pleadings and the evidence the salient facts appear simple. The parties-appellant and -appellee acquired adjoining tracts by mesne conveyances from a common grantor. In the deed to appellants' predecessor in title there was incorporated the following `recital': "The Grantor consents to the erection by the grantee, its successors or assigns, of a building or buildings upon the above described property provided that the same shall not be closer than ten (10) feet to the easterly line of said property." The property to the east is now appellees'. The main building now being built by the appellants is not within ten feet of the line but a porch is within that distance.
It is the rule recognized by this Court in Moore v. Stevens, 90 Fla. 879, 106 So. 901, 904, 43 A.L.R. 1127, that such covenants, restraining the free use of real property, are to be strictly construed in favor of the grantee and "substantial ambiguity or doubt must be resolved against the person claiming the right to enforce the covenant."
The appellants argue that the terms "successors or assigns" modify the word "grantee" and that the sole word "grantor" without reference to successors and assigns, "indicates clearly that the grantor was creating a benefit for itself alone" and that *909 the covenant was not intended to run with the land.
We think the position is sound. If the grantor proposed to create a covenant that would attach to the property and follow the property for the benefit of the subsequent grantees of the adjoining tract it had but to provide that it did so for itself and its successors and assigns. The fact that such provision was made for the grantees of the tract involved and its successors and assigns emphasizes the absence of such a provision for the grantees and assigns of the adjacent tract. Cf. Burdine v. Sewell, 92 Fla. 375, 109 So. 648.
Further, following the rule requiring strict construction of such covenants, we become concerned with that part of the `recital' upon which the provision depends. The grantor "consents" to the erection of a building on the property, a permission that amounts only to empty words. To hold the restriction good, we would have to strike all the recital except the qualification and make it mean that the original grantee, its successors and assigns were bound, on behalf of the grantor, its successors and assigns to construct no building if any part of it would be within ten feet of the line, when, as we have said, the successors and assigns of the grantor were not mentioned. Perhaps that was the purpose but such an interpretation would require us to reframe a restriction that is ambiguous.
We find fault, too, with the form of the decree. Mandatory injunctions are not favored by the courts. Johnson v. Killian, 157 Fla. 754, 27 So.2d 345. In that case, which resembles the present one, we held that the relative conveniences would be weighed and if it were found that the cost of removal of an encroaching building was great and the corresponding benefit to the adjoining owner small, the mandatory injunction would be denied and the complaining party would be left to his remedy at law. Cf. Robinson v. Feltus, Fla., 68 So.2d 815.
We have not been able to reconcile the present decree with the decisions. The appellees were not denied a mandatory injunction and relegated to a court of law for relief. Their primary relief was a judgment for damages and the mandatory injunction was ordered upon appellants' failure to pay. It does not appear that the award was "incidental" to the equity jurisdiction under the familiar principle that once jurisdiction is vested in the equity court, the whole controversy will be determined there. McGriff v. McGill, Fla., 62 So.2d 28. On the contrary the principal relief was the judgment for money damages and the equitable relief was to follow only upon default of the appellants, so the equitable relief became "incidental."
We are convinced we must reverse the decree.
Reversed with directions to dismiss the bill with prejudice.
ROBERTS, C.J., and TERRELL and DREW, JJ., concur.