**AUBER, et al v. EASTON, et ux.**

Circuit Court, Palm Beach County.

December 12, 1955.

Kenneth J. Horton, Lake Worth, for plaintiffs.

Anne E. Deacon, Lantana, for defendants.

JOSEPH S. WHITE, Circuit Judge.

This cause came on for entry of final decree upon the bill of complaint, stipulation of counsel for the parties, testimony and argument of counsel.

The court has been referred to no authority supporting the proposition that the covenant—"All buildings shall be of CBS construction," is not a valid and legal restriction. However, it is clear that such covenants are to be strictly construed in favor of grantees, and "substantial ambiguity or doubt must be resolved against the person claiming the right to enforce the covenant." See Moore v. Stevens, 90 Fla. 879, 106 So. 901, 43 A.L.R. 1127.

The building in question is not CBS construction as the term has come to be understood in recent times. If a strict construction could be applied, the court would be bound to hold that the building violates the restriction. But the court may not apply the covenants strictly. The covenant must be given a liberal construction. The exterior walls of the dwelling house in question are to be entirely covered, according to the evidence, by masonry blocks called "slump brick." It seems that such a structure will amount to a substantial compliance with the covenant. Witnesses have stated that construction of that character is stronger, more durable and attractive to the eye than CBS construction.

Another reason makes it appropriate to deny equitable relief. It has been shown that at the time of the institution of the suit, the building had reached an advanced state of erection. If it is to be said that the building cannot be completed because of the restriction in question, it would have to stand in its present state of erection or be removed under mandatory injunction. Mandatory injunctions are not favored by the courts. Relative conveniences must be weighed. See Washington, etc. Co. v. Schneider (Fla. 1954), 75 So. 2d 907.

It is ordered and decreed that the bill of complaint is dismissed, with costs taxed against the plaintiffs.