LILES, Acting Chief Judge.
Naples Fruit & Vegetable Company entered into a contract with David C. Townsend to harvest the remains of the 1970 crop of limes. Subsequently, when appellant thought Townsend had harvested the crop of limes sold to him, they requested Townsend cease picking. This occurred on May 13, 1971. Consideration for the contract was $200, and Townsend had harvested $2,003.50 worth of limes by that date.
Subsequently, Townsend brought suit for declaratory judgment and injunctive relief, enjoining appellant from denying him the right to pick limes after May 13, 1971. The trial judge determined that the contract was ambiguous and allowed parol evidence to clarify the ambiguity. A judgment of $9,915.56 was entered for appellee.
After reviewing the record, the contract, and the evidence, we conclude that the trial judge misconstrued the parol evidence regarding the parties’ intent as to the leftovers from the 1970 crop. We believe it inconceivable that Naples Fruit and Vegetable Company intended to exchange nearly $12,000 worth of limes for $200. Nor do we believe the appellee expected such a return on his investment. Misconstruction of the contract consequently caused error in assessing damages and the damages appear excessive. See generally, James v. Gulf Life Insurance Co., 66 So.2d 62 (Fla.1953) ; Triple E Development v. Floridagold Citrus Corp., 51 So.2d 435 (Fla.1951); Holmes v. Kilgore, 89 Fla. 194, 103 So. 825 (Fla.1925).
We, therefore, reverse and remand for a new trial.
McNULTY, J., and DEWELL, JOHN H., Associate Judge, concur.