292 So.2d 412 (1974)
Sharon Lois ZODA, Appellant,
v.
Henry George ZODA, Appellee.
No. 73-80.
District Court of Appeal of Florida, Second District.
March 29, 1974.
Law Offices of George N. Meros, St. Petersburg, for appellant.
Law Office of Lawrence E. Lyman, St. Petersburg, for appellee.
HOBSON, Acting Chief Judge.
This is an appeal from a post-decretal order entered by the trial court determining the respective rights of the parties under a property settlement agreement incorporated in a final judgment of divorce.
The property in question and the respective rights thereto of the parties was set forth in the property settlement agreement as follows:
"Husband's ownership interest in Lots `A' and `C' only shall be a life estate in said parcels with the remainder in Wife. It is understood and agreed that the Husband cannot convey or transfer by sale, gift or otherwise Lots `A' and `C' and should Husband convey or transfer his interest in Lot `B' by sale, gift, operation of law or otherwise, his interest in lots `A' and `C' shall immediately revert to the Wife free and clear of any and all interest the Husband may have in said lots. It is understood and agreed that the Wife shall at all time enjoy the exclusive right to use Lots `A' and `C' as pasture land during the life estate of the Husband."
The trial court ruled that the wife's right to enjoy the exclusive right to use the property as pasture land during the life estate of the husband was a restrictive *413 covenant which under the law is void. The court further permanently restrained the wife and all persons claiming by or through her from interfering with the husband's right to the quiet use and enjoyment of the property.
We recognize that covenants which restrict the use of land are not favored under the law but will be enforced where such restrictions are confined to lawful purposes, within reasonable bounds, and are expressed in clear language. In Heisler v. Marceau, 1928, 95 Fla. 135, 116 So. 447, our Supreme Court expressed this legal doctrine as follows:
"While this court, in all the cases, has given effect to the doctrine that covenants restraining the free use of real property are not favored, yet it has recognized, as equally well established, that where such restrictions are confined to a lawful purpose and are within reasonable bounds, and the language employed in expressing them is clear, such covenants will be enforced. 11 Cyc. 1077; Mayes v. Hale, supra, [82 Fla. 35, 89 So. 264] Moore v. Stevens, [90 Fla. 879, 106 So. 901,] supra; Stephl v. Moore (Fla.) 114 So. 455. And the intention of the parties to the covenants, construed in the light of the surrounding circumstances, as expressed in the whole of the instrument containing the covenant, not the opinion of witnesses as to whether a different use of premises conveyed would be helpful or detrimental, is controlling. 6 R.C.L. 849; Holmes v. Kilgore, 89 Fla. 194, 103 So. 825."
In Wiggins v. Lykes Bros., Inc., Fla. 1957, 97 So.2d 273, our Supreme Court upheld a reservation of the permanent right to use land for grazing purposes. In the instant case the property settlement agreement reserved unto the wife the exclusive right to use the property in question as pasture land during the life estate of the husband. This restriction meets all the criteria in Heisler, supra, in that it is for a lawful purpose, within reasonable bounds, and the language employed in expressing the reservation is clear.
The other point on appeal has been considered and is found to be without merit.
The order appealed is reversed as to that portion thereof which permanently restrains the wife and all persons claiming by and through her with interfering with the husband's right to the quiet use and enjoyment of the property. The wife under the valid reservation shall have the right to use the property solely as pasture land during the life estate of the husband.
McNULTY and GRIMES, JJ., concur.