311 So.2d 773 (1975)
W.L. MUNDY and Cynthia E. Mundy, Husband and Wife, Appellants,
v.
Ernest R. CARTER and Lois A.E. Carter, Husband and Wife, Appellees.
No. V-300.
District Court of Appeal of Florida, First District.
January 6, 1975.
*774 Angus G. Andrews, Andrews & Miller, Defuniak Springs, for appellants.
W. Flemming Ward, Defuniak Springs, for appellees.
SPECTOR, Associate Judge (Retired).
This appeal is taken from an order permanently enjoining appellants from proceeding with any further construction of a commercial building or carrying on any commercial operation on the property which is the subject of this action.
In 1956, Choctawhatchee Beach Corporation platted a 150 acre subdivision on the south side of the Choctawhatchee Bay. The northerly 275 feet of the property which bordered on the bay was excluded from the subdivision, and there was a street running to the bay which formed the eastern boundary of the property. All the lots in the subdivision were designated solely for residential use except for those facing the street which were designated as commercial.
In 1959, Choctawhatchee Beach Corporation sold a lot on the bay in the northerly 275 feet which was excluded from the original subdivision. This deed was recorded at Deed Book 164, page 401, and contained restrictions as to the use of the property solely for residential purposes. Attached to this deed was a plat of the property bordered on the north by the bay, on the east by the unpaved portion of the road which formed the eastern boundary of the original platted subdivision, and on the south by the 1956 platted subdivision. In 1966, Choctawhatchee Beach Corporation sold the remaining unsold portion of the 1956 platted subdivision and all the remaining portions of the northerly 275 feet of the subdivision "according to the plat attached to and forming a part of the deed recorded in Deed Book 164 at page 401" to J. Bradley Haynes. By this deed instrument, the entire conveyance was made subject to the restrictions effecting the original 1956 platted subdivision. Haynes sold the easternmost lot in the 1959 subdivision, which is bounded on the north by the bay and faces the street to the east, to the appellants according to the plat filed in Deed Book 164, page 406. Appellees bought the lot next to appellants in 1974 according to the plat recorded in Deed Book 164, page 401.
Appellants began construction of a building which they intend to use an an oil storage facility on their property which resulted in the injunction which is the subject matter of this appeal.
The lower court held that the language contained in the appellants' deed describing the property to be conveyed by reference to the plat filed in Deed Book 164, page 406, intended to incorporate all the restrictions contained in the preceding deed as to the use of the property for solely residential purposes.
The only point on appeal is whether the lot description conveying Lot 1, Block 16, according to a survey of plat attached to a prior deed of record, incorporates all the convenants and restrictions contained in the prior deed.
It is a basic tenet of our common law that covenants are to be strictly construed in favor of the free and unrestricted use of real property, Ball-Hamilton Corp. v. Jones, 147 So.2d 610 (Fla.App. 1962).
Using that tenet as the polestar for our review of the instant case, we cannot agree with the lower court's ruling as to the intent to incorporate use restrictions by mere reference in the descriptive portion of a deed to a plat attached to a recorded deed *775 on another piece of property. It should be pointed out that neither appellants' deed nor the plat itself contained any use restrictions. The deed from Choctawhatchee Bay Corporation to William and Marian Whiteside did contain restrictions as to the use of that particular lot, but this in no way could be said to affect another piece of property.
The deed by which all unsold portions of both platted sections of the property were conveyed stated that the conveyance was made subject to the restrictions recorded with the 1956 plat. These recorded covenants designated those lots facing the eastern street bordering the subdivision for commercial use. In fact, the lots on that street are commercial. It seems then that the general scheme of the neighborhood is to the effect that those lots on the street are for commercial use.
In Hagan v. Sabal Palms, Inc., 186 So.2d 302 (Fla.App. 1966), the court recognized that where a use restriction had been in the deed from the common grantors, the restriction need not be incorporated in a deed nor be construed as running with the land to be enforceable against subsequent grantees, where the general scheme of the neighborhood was evidence of such restriction. The court in Hagan, supra, stated that "Ordinarily, the right to enforce restrictions imposed pursuant to a general scheme must be universal or reciprocal, that is, the same restrictions must apply substantially to all lots of like character or similarly situated".
In the instant case, the deed which conveyed all the unsold lots in the two platted parcels of property stated that the conveyance was subject to restrictions recorded with the 1956 plat. The restrictions designated the lots on the street as commercial property. The lot in issue is similarly situated to those lots in the 1956 plat which are in fact commercial.
When ascertaining the intent of parties in regard to restrictions on the use of property, the court should consider not only the language in the deed instrument itself but the totality of the circumstances surrounding the transaction, Mayes v. Hale, 82 Fla. 35, 89 So. 364 (1921).
Accordingly, based on the circumstances enumerated above and the language of the deed itself, we reverse.
RAWLS, C.J., and JOHNSON, J., concur.