HOBSON, Judge.
In this appeal we find that the trial court erred in construing ambiguous use restrictions, incorporated onto a recorded plat, as prohibiting development of a multi family structure on certain lots, and in failing to give effect to the clearly established intentions of the draftsmen. Consequently, we reverse the trial court’s final judgment permanently enjoining this use.
The trial transcript, when read in a light most favorable to appellees, reveals the following facts: In 1952, George Dignam and Art Mazzie owned a tract of land abutting a county road. They decided to subdivide the land and have a plat drawn. After the plat was drawn, and while the surveyor had pen and India ink in hand, Dignam and Mazzie conferred on use restrictions to be written upon, and recorded with, the plat. One of the restrictions recorded with the plat was as follows:
All lots shall have only one single family unit homes of at least 650 sq. ft. of floorspace, exclusive of carporte or garage, and septic tanks that conform to State Board of Health specifications.
After the ink on this and other restrictions had dried, Mr. Dignam noted that the lots abutting the highway were included in the above restriction. ■ He stated to Mr. Mazzie: “You don’t want to restrict these lots as single family dwellings, because this is a county road.” After some discussion about how to effectively remove the above restrictions from these lots, it appears that the surveyor recommended the following provision which was incorporated onto the plat:
No commercial, industrial, or business places to be established on any lots other than lots 4, 5, 12, 13 & 20.
Mr. Dignam later testified that it was their understanding at the time that the result of this subsequent provision was the removal of all the use restrictions imposed by the first-quoted provision. The surveyor had advised Messrs. Dignam and Mazzie that they could place whatever restrictions they wished upon these exempt lots by use restrictions placed in the deeds.
In 1975, appellant Ware purchased adjacent lots 13 and 20. At that time a duplex stood on these lots. Ware planned to build a 16-family structure on the two lots but had not decided whether to sell or lease the units. When appellees, nearby lot owners, learned of these plans, they filed this action in the trial court seeking to permanently enjoin construction of Ware’s planned development. After nonjury trial, the trial court entered final judgment ordering the permanent injunction.
The law favors the free and untrammeled use of real property. Restrictive covenants are regarded unfavorably and are, therefore, strictly construed in favor of the free and unrestricted use of the land. Ballinger v. Smith, 54 So.2d 433 (Fla.1951); Voight v. *454 Harbour Heights Improvement Association, 218 So.2d 803 (Fla. 4th DCA 1969). Any “substantial ambiguity or doubt must be resolved against the person claiming the right to enforce the covenant.” Washingtonian Apartment Hotel Co. v. Schneider, 75 So.2d 907 (Fla.1954). Effect will be given to the intentions of the parties as shown by the language of the entire instrument in which the covenant appears, when considered in connection with the circumstances surrounding the transaction. Due regard must be had for the purpose contemplated by the parties to the covenant. Moore v. Stevens, 90 Fla. 879, 106 So. 901 (1925); Sinclair Refining Co. v. Watson, 65 So.2d 732 (Fla.1953) (en banc).
A plat is a written instrument and like all other documents must be construed as a whole in order that the intention of the parties may be ascertained and every part of the instrument given effect. Florida East Coast Ry. Co. v. Worley, 49 Fla. 297, 38 So. 618 (1905); Broward County v. Lerer,[1] 203 So.2d 672 (Fla. 4th DCA 1967). Rejection of any part of the plat, as superfluous, should be avoided. North Lauderdale Corporation v. Lyons, 156 So.2d 690 (Fla. 2d DCA 1963).[2] Where the plat is ambiguous, extrinsic evidence may be received in its aid. Porter v. Carpenter, 39 Fla. 14, 21 So. 788 (1897).[3]
In the case at bar it is abundantly clear that, standing alone, the first provision restricting the use of all lots to single-family residential use would bar the development intended by Ware. However, the first provision does not stand alone. Rather, it is followed by the second, more specific, provision quoted above which limits the first provision. If the second provision applies to the intended development, then the development is not barred by the first provision. The pivotal question, then, is whether the intended development of a multi family structure for sale or lease of the individual family units is the development of a “commercial, industrial or business use” as that phrase was understood by the draftsmen at the time the plat was drawn. The plat contains-nothing which answers this question.
While the language “commercial, industrial or business places” is not defective, obscure, or insensible, it does consistently admit of two different interpretations; one encompassing the planned development and one not encompassing the planned development. Therefore, that phrase is latently ambiguous. Ace Electric Supply Co. v. Terra Nova Electric, Inc., 288 So.2d 544 (Fla. 1st DCA 1974). The trial court properly considered parol evidence of the circumstances surrounding the use of the phrase and its intended effect. However, the trial court erred in failing to give effect to the clear import of this evidence.
All the parol evidence elicited before the trial court could only be taken to mean that the draftsmen intended the latter provision to remove from the specified lots all the restrictions imposed by the earlier provision. It was clearly the understanding and intention of the draftsmen that use of the phrase “commercial, industrial, or business places” in the second provision would allow use of the specified lots for all purposes except that use otherwise permitted by the first provision. The draftsmen understood that any restrictions (such as prohibitions against multi family structures) could be later imposed on the exempt lots by deed restrictions. One of the draftsmen, Mr. Dignam, repeatedly asserted that this was the intent at the time the provisions were drafted. The trial court was bound by this, the only evidence of the intended interpretation and effect of the provisions.
We find that the trial court’s final judgment permanently enjoining Ware from constructing its multi family unit upon the lots here involved is contrary to the manifest weight of the evidence and cannot stand. In light of this disposition, we need not reach the issue of whether appellees *455 had abandoned their right to enforce this provision by failing to challenge the construction of a duplex on the lots twelve to fifteen years before.
The final judgment of the trial court is REVERSED and the cause REMANDED for entry of final judgment in favor of the appellant.
BOARDMAN, C. J., and GRIMES, J., concur.

.These cases deal with dedications to public use contained in plats.

. Ibid.

. Supra, note 1.