POULTON, TIMOTHY P., Associate
Judge, dissenting:
Respectfully, I dissent. The appellant has raised a number of points for reversal. I agree with the majority on all but one point, that concerning whether the placing of the pumps upon the appellants’ property constitutes an impermissible increase of the burden of the servitude upon the property.
It helps me to think of the case in this light. Many of the appellants must have spent a lifetime scraping for a retirement house in the sun. We are dealing with home-sweet-home, for some of the appellants their few square feet in the universe. Are the pumping stations on the appellants’ property more than they bargained for when they accepted a deed subject to the restriction in question? I would answer in the affirmative. The restriction in question permits the entity owning the reservation “the right to operate, maintain, repair and alter a fresh water sprinkler system, over, through, and upon all of the subdivision ..” I would hold that the placing of an above-ground pumping station on each of the appellants’ properties is not contemplated by that reservation. At the time the appellants took title subject to the quoted declaration of restriction, all of the sprinkler system had been completed and was underground. That fact is of some assistance in determining what breadth and scope may be given to the language of the restriction. Such restrictions are to be strictly construed in favor of the grantee and any substantial ambiguity or doubt must be resolved against the persons claiming the right to enforce the covenant. Washingtonian Apartment Hotel Co. v. Schneider, 75 So.2d 907 (Fla.1954).
Also, I feel compelled to address the question of waiver , or estoppel. Although the trial court made no conclusion that the appellants are estopped from complaining, there is an undercurrent of that in the final judgment (see paragraph four thereof) and in the appellee’s brief (at pages 28-29). Although there was a general notice to all owners of the proposed conversion from city water to canal water, there is no claim made by the appellee that there was any special notice to the ten affected owners that their properties had been selected for pumping station sites. As soon as the appellants learned of their dubious, distinction, they acted quickly to bar that action.
I realize that the result urged would result in a substantial monetary loss (because the plan was 85% complete when the appellants acted). That is indeed unfortunate, *287 but I believe that the appellees are at fault in failing to give timely adequate notice and that appellants are without fault.