382 So.2d 1340 (1980)
ORANGE GARDENS CIVIC ASSOCIATION, Appellant,
v.
Barbara T. HARRIS, Formerly Barbara T. Miles, Appellee.
Nos. 78-2750/T4-344, 79-260/T4-344A.
District Court of Appeal of Florida, Fifth District.
April 30, 1980.
*1341 Marcia K. Lippincott, Sanford, and William H. Muntzing, Kissimmee, for appellant.
John B. Ritch, Overstreet & Ritch, Kissimmee, for appellee.
WATSON, RICHARD O., Associate Judge.
In 1955, a document entitled "Notice of Restrictions on Real Estate" containing restrictions covering lots in the subdivision of Orange Gardens was recorded in the Official Records Book of Osceola County. Paragraph 3 of that document provided:

"No building shall be located nearer than 25 feet to the front line on any residential lot or nearer than 15 feet to any side street line on any residential lot. No building shall be located nearer than 5 feet to any side lot line on any residential lot unless across the lot line of two lots both owned by the same party." (emphasis added)
The restrictions did not define the terms "front lot line" or "side street line."
Defendant acquired ownership of Lot 20, a corner lot, in 1965. A residence was constructed on the lot sometime prior to June, 1973 (the survey prepared in 1973 shows the residence).
The south lot line of Lot 20 abuts Philip Street and the east lot line abuts Oak Street. The front door of defendant's residence, the walkway to the front door and the carport and driveway face Philip Street. The residence is "nearer than" 25 feet to Philip Street.
Defendant proposes to construct an addition to the east side of her house. The proposed addition would be located "nearer than" 25 feet to the lot line abutting Oak Street.
Plaintiff, the Orange Park Civic Association, filed suit to enjoin construction of the proposed addition as being a violation of the setback restriction. Among other grounds, plaintiff contends that because defendant's *1342 residence is nearer than 25 feet to the lot line abutting Philip Street, that lot line is the side street line and defendant cannot build nearer than 25 feet to the lot line abutting Oak Street which plaintiff contends is the front lot line.
Defendant contends the restriction is too ambiguous to enforce. The trial court agreed and entered a summary judgment for defendant.
Covenants restricting the free use of real property are not favored, but where the restrictions are clear, reasonable and have a lawful purpose the covenants will be enforced. Hagan v. Sabal Palmes, Inc., 186 So.2d 302 (Fla.2d DCA 1966); Barrett v. Leiher, 355 So.2d 222 (Fla.2d DCA 1978); Heisler v. Marceau, 95 Fla. 135, 116 So. 447 (1928). Such restrictions are strictly construed in favor of the free and unrestricted use of land. Mundy v. Carter, 311 So.2d 773 (Fla.1st DCA 1975); Voight v. Harbour Heights Improvement Assn., 218 So.2d 803 (Fla.4th DCA 1969). Substantial ambiguity or doubt is resolved against the party claiming the right to enforce the restriction. Washington Apartment Hotel Co. v. Schneider, 75 So.2d 907 (Fla. 1954).
The problem of interpreting setback restrictions as applied to corner lots is not a unique problem, although no Florida decisions were found. 20 Am.Jur.2d Covenants, Conditions, Etc. § 240 (1965); 93 A.L.R.2d 1248 (1964); 30 A.L.R.2d 554 (1953). The majority of the cases involving corner lots requiring a particular setback from the front lot line have held the restriction applicable only to the side on which the building faces. 20 Am.Jur.2d Covenants, Conditions, Etc. § 240 (1965).
It is plaintiff's contention that summary judgment was improper and that evidence should be taken on the intention of the parties as to the covenant. Heisler v. Marceau, supra, held:
And the intention of the parties to the covenant, construed in the light of the surrounding circumstances, as expressed in the whole of the instrument containing the covenant, not the opinion of witnesses as to whether a different use of [the] premises conveyed would be helpful or detrimental is controlling. (citations omitted) (emphasis added)
Barret v. Leiher, 355 So.2d 222 (Fla.2d DCA 1978) recognized that principle in construing the term "structure:"
Florida adheres to the general rule that a reasonable, unambiguous restriction will be enforced according to the intent of the parties as expressed by the clear and ordinary meaning of its terms. If it is necessary to construe a somewhat ambiguous term, the intent of the parties as to the evil sought to be avoided expressed by the covenants as a whole will be determinative. Only where intent cannot be ascertained will the covenant not be enforced. (citations omitted)
The terms "front lot line" and "side street line" should be given their ordinary meanings. The front lot line is ordinarily understood to be the lot line toward which the residence faces. 30 A.L.R.2d 561 (1953). Defendant's residence faces Philip Street and therefore the lot line abutting Philip Street is the front lot line. The fact that the residence was constructed nearer than 25 feet to the front lot line simply means there may have been a violation of the front lot line setback restriction at the time the house was constructed.
Unless the line abutting Oak Street and toward which the side of the house faces is considered the side street line the term "side street line" as used in the restrictions is meaningless. Most, if not all, of the lots shown on the plat which are bordered by two streets are corner lots. An examination of the plat reveals no obvious differences between Philip Street and Oak Street. Neither does the plat bear any indication of which street should be designated as the side street. Therefore, the lot line abutting Oak Street is the side street line and the 15 foot setback restriction is applicable.
Accordingly, the summary judgment for defendant is
AFFIRMED.
ORFINGER and COBB, JJ., concur.