399 So.2d 127 (1981)
CHARLES STEWART AGENCY, INC., et al., Appellants,
v.
Molly Lee DOISY, Appellee.
Nos. ZZ-51, XX-85.
District Court of Appeal of Florida, First District.
June 3, 1981.
Toby S. Monaco of Dell, Graham, Willcox, Barber, Ryals, Henderson & Monaco, P.A., Gainesville, for appellants.
L. Edward McClelland, Jr., of Pattillo, MacKay & McKeever, P.A., Ocala, for appellee.
PER CURIAM.
These consolidated appeals arise from the same cause. The first is an appeal by the defendant from a final judgment entered pursuant to a jury verdict, and the second is from an interlocutory post-judgment order allowing an attorney's fee to the plaintiff. Although we find no reversible error is shown upon the appeal from the final judgment, we reverse the order allowing an attorney's fee to the plaintiff for the prosecution of the cause.
The plaintiff recovered the final judgment first appealed upon a complaint that the defendant, an insurance agency, represented to her that she had fire insurance coverage upon her residence when in fact such coverage had not been obtained and that as a result, she suffered an uncompensated loss. Cf. Poliakoff v. National Emblem Insurance Company, 249 So.2d 477 (Fla. 3d DCA 1971), cert. denied, 254 So.2d 790 (Fla. 1971). The trial judge allowed an attorney's fee to the plaintiff upon the theory that an attorney's fee is allowable in cases of a fraudulent representation regarding the procurement of insurance coverage. We find no case that supports such an allowance. The often stated rule is that attorney's fees for the prosecution of an action may be allowed only: (1) where authorized by contract, (2) when authorized by statute, or (3) where equity allows attorney's fees from a fund or estate which has been benefited by the rendering of the legal services. See Hampton v. Fairchild-Florida Construction Company, 341 So.2d 759, 761 (Fla. 1976). Clearly, these exceptions are inapplicable to this case. Furthermore, courts specifically addressing the question of whether attorney's fees may be awarded in a fraud action have rejected the proposition that fraud actions constitute an exception to the above stated rule. Martin v. Paskow, 339 So.2d 266 (Fla. 3d DCA 1976), cert. denied, 348 So.2d 951 (Fla. 1977); Weisenberg v. Carlton, 233 So.2d 659 (Fla. 2d DCA 1970), cert. denied, 240 So.2d 643 (Fla. 1970). Furthermore, this case is distinguishable from other cases allowing the recovery of attorney's fees incurred in a separate action as an element of damages. See Sheridan v. Greenburg, 391 So.2d 234, 236-238 (Fla. 3d DCA 1980) and cases cited therein. Here, the attorney's fees awarded were incurred between the parties only in the instant law suit.
Accordingly, the judgment is affirmed and the order allowing an attorney's fee to the plaintiff is reversed.
Affirmed in part, reversed in part.
ERVIN, J., and LILES, WOODIE A. (Retired), and PEARSON, TILLMAN (Retired), Associate Judges, concur.