WENTWORTH, Judge.
This case involves consolidated appeals of the defendant and the plaintiff. The defendant Strader appeals the order of the trial court enjoining him from building duplexes in Forest Lake Estates and awarding damages to the plaintiff. The plaintiff Oakley appeals the order denying her motion for attorney’s fees. We affirm on all points.
Strader is the president and major stockholder of Recreational Development, Inc., which purchased property on Springhill Road for a residential development. The property was divided into 57 lots, the first 35 of which were sold with a deed restriction stating that “only one (1) dwelling with appurtenances or only one (1) mobile home shall be erected on each parcel or tract hereby conveyed.” In March of 1976, Mrs. Oakley purchased lot 30 in the subdivision from one who had bought it from Recreational Development. Her deed contained the “one dwelling” restriction as well. Later, Recreational deeded several lots to Strader individually. These deeds are the only ones covering lots in the development (of those conveyed for residential purposes) that do not contain the “one dwelling” restriction. One of the deeds conveys lots 27, 28, 29, and “lot 31 and parts of lot 32 and 33.... ” Subsequently, Strader built a duplex on each of lots 27, 28, and 29, and two on lot 31.
Mrs. Oakley brought suit seeking equitable relief and damages. The trial court found that the restrictive covenant prohibited the construction of duplexes. Therefore, Strader was enjoined from further construction of more than one family residences and was ordered to pay Mrs. Oakley $3,500 damages. The court denied Mrs. Oakley’s motion for attorney’s fees, finding that “the award of attorney’s fees is not appropriate in this case and that there is no provision by contract or statute to support the request for such fees in this instance.”
I
The basic issue in this case involves the definition of the term “one dwelling” as it is used in the restrictive covenant found in the deeds conveying residential tracts in Forest Lake Estates.[1] Where the language in a covenant is unclear, the intent of the parties must be determined in light of the instrument as a whole and the surrounding circumstances. Heisler v. Marceau, 95 Fla. 135, 116 So. 447 (1928); Barrett v. Leiher, 355 So.2d 222 (Fla. 2d DCA 1978). In this case, although the record reflects some evidence to the contrary, there is ample support for the trial court’s finding that the parties intended to permit the construction of only single family residences and that accordingly the construction of duplexes is prohibited. We do not, of course, overturn an order of the trial court which is supported by competent substantial evidence.
Opinions cited by appellant define the term in question, alone or in phrases such as “dwelling house,” as it may apply in constitutional exemptions, criminal law, or zoning ordinances, but uniformly recognize that “the meaning .. . may vary with the context of its usage.” State v. Harvey, 68 So.2d 817 (Fla.1963); Smith v. State, 80 Fla. *956 315, 85 So. 911 (1920); Overstreet v. Tubin, 53 So.2d 913 (Fla.1951). Ambiguity is apparent from conflicting decisions on usage in restrictive covenants. Anno. 14 A.L.R.2d 1376, 1387. We resolve that ambiguity in favor of the trial court’s conclusion and contrary to the single structure meaning argued by appellant, based on the record evidence already noted and on analogy to the restriction of “one residence” construed in Mayes v. Hale, 82 Fla. 35, 89 So. 364 (1921), to prohibit multiple living units.
II
Each of the deeds to lots in Forest Lake Estates contains a clause by which the purchaser agrees to pay any costs and attorney’s fees necessary to the enforcement of any of the restrictive covenants. Based on this clause, Oakley maintains that the trial court erred in denying her motion for attorney’s fees, since the effect of the final judgment is to enforce the restrictive covenant as if it were implicitly contained in Strader’s deed. We agree with Oakley that a deed restriction is properly classified as a right arising out of contract[2] and therefore may be subject to an agreement regarding attorney’s fees. However, an award of such fees is in derogation of common law and is allowed only when specifically provided by contract or statute. Estate of Hampton v. Fairchild-Fla. Const. Co., 341 So.2d 759 (Fla.1977); Rivera v. Deauville Hotel, Employers Service Corp., 277 So.2d 265 (Fla.1973); Charles Stewart Agency v. Doisy, 399 So.2d 127 (Fla. 1st DCA 1981). Since the restriction enforced in this case is not among the covenants imposed by explicit contractual provisions in Strader’s deed, he did not expressly agree to pay attorney’s fees in an action to enforce it. Therefore, the trial judge did not err as a matter of law in ruling that there was no explicit contractual basis for awarding the fee.
The order is accordingly affirmed.
MILLS and THOMPSON, JJ., concur.

. Strader also argues that he is not bound by the covenant since it is not contained in his deed or chain of title. Therefore, Strader contends, he had no constructive notice of the covenant. See Hall v. Snavely, 93 Fla. 664, 112 So. 551 (1927); Hagan v. Sabal Palms Inc., 186 So.2d 302 (Fla.App.1966). This argument is unavailing because the record clearly shows that there was a common scheme or plan to include the covenant on all residential lot sales and that Strader had actual notice of the covenant.

. Board of Instruction v. Bay Harbor, 81 So.2d 637 (Fla.1955).