WENTWORTH, Judge.
This is an appeal from an order of the circuit court permanently enjoining appellant from constructing a “Tot Lot” in an area which adjoins appellee’s property. The appellee/plaintiff bought a lot and built a house in Killearn Lakes subdivision, which lot is adjacent to a “green area” set aside for use other than as residential lots. The purpose and intent of the green areas are set out in Article IX of the declaration of covenants and restrictions. This declaration was properly recorded, and it is the interpretation of Article IX which is the subject of this suit.
Article IX provides in pertinent part:
Section 1. It shall be the express intent and purpose of these Covenants and Restrictions to [1] protect, maintain, and enhance the natural environment and *1215 specifically those certain areas designated as Green Areas ... to [2] maintain and enhance the conservation of natural and scenic resources, to [3] promote the conservation of soils, fish, wildlife, ... [4] enhance the value of abutting and neighboring forests, ... or ... open spaces, and to [5] afford and enhance recreation opportunities, . .. and implement generally the Killearn Lakes Master Plan for development.
Section 2. Pursuant to its overall program of wildlife conservation and nature study, the right is expressly reserved ... to erect buildings and other facilities for all types of recreation, ... and to take such other steps as are reasonable, necessary and proper to further the aims and purposes of the Green Areas.
Section 3. The general topography of the landscape, ... the natural vegetation, trees, and any and all other unusual features in the Green Areas shall be continued in their present condition, subject only to the exceptions noted herein, [emphasis supplied]
Appellant contends the trial court erred in determining that “the proposed ‘Tot Lot’ is not consistent with the terms and purposes of the Declaration of Covenants and Restrictions, and is therefore prohibited.” The court also stated, as a conclusion without factual findings, that “irreparable harm will ensue if injunctive relief is not granted.” We find no merit in appellant’s argument, not raised prior to the hearing below, that the allegations of the complaint did not permit the latter determination. The injunction, however, was clearly entered in enforcement of the covenants as construed by the court,[1] and not in the exercise of any other equitable power based on irreparable injury from activities not proscribed per se by the covenant. Our conclusion that the court erred in its stated construction of the covenant therefore requires that the order be vacated, and we do not reach any further question of whether the pleadings and proofs permit equitable relief independent of the covenant.
The trial court acknowledged that Section 2 of Article IX, supra, gives defendant the right to build certain structures, but reasoned that the proposed installation of a swing set, picnic table, and underground garbage can, did not comply with the covenant’s limitation of recreation facilities to those erected “[pjursuant to its overall program of wildlife conservation and nature study.” That constraint certainly qualifies the reserved right to erect “buildings and other facilities for all types of recreation.” Even conceding that “all types of recreation” means recreation consistent with conservation and nature study, we are unable to conclude from the record before us that the facilities in the particular “Tot Lot” proposed here are such as to “lay waste to the stated purpose and terms of the remainder of Article IX” as stated in the order below. If the reserved right to erect recreational facilities in green areas is to have any applicability whatever to “tots,” as an age group reasonably within the range of persons to be served by such facilities, the particular proposal in this case would appear to be minimal in scope. There would also appear to be some invasion of the discretionary management function by a judicial determination that a swing set is, as a matter of law, inconsistent with conservation interests for young children.[2] We decline to exercise that function on the evidence before us, but recognize the potential effect of the cited covenant as proscribing facilities which have no reasonable relationship to enhancement of the natural environment for recreational use by residents of the subdivision.
As to further debate between the parties concerning permissible location of such a facility in the development in question, the trial court did not find any abuse of discretion in this respect, even if that issue could be considered pertinent to this proceeding. The order does not, for example, find that the appellant Association, by the exercise of *1216 its right to locate the facility in the particular green area in question, has created conditions subject to injunction under nuisance standards. We do not, of course, determine the propriety of such a conclusion on this record, because the injunctive order appealed is neither so predicated nor defended here on that theory.
The order is reversed and the cause remanded for disposition consistent with this opinion.
WIGGINTON, J., concurs.
BOOTH, J., dissents with opinion.

. Stephl v. Moore, 94 Fla. 313, 114 So. 455 (1927).

. Mundy v. Carter, 311 So.2d 773 (Fla. 1st DCA 1975).