74 So.2d 113 (1954)
ENGVALSON et ux.
v.
WEBSTER.
Supreme Court of Florida. Special Division A.
July 16, 1954.
Rehearing Denied August 31, 1954.
Stewart & Stewart, Fort Myers, for appellants.
W.H. Carmine, Jr., Fort Myers, for appellee.
MATHEWS, Justice.
The appellants brought a suit in equity alleging that the appellee had violated a restrictive covenant in a deed to her from the appellants which provided that "No building shall be erected on the above described lot or lots unless plans for buildings have been approved by the First Party." They sought a mandatory injunction requiring the alteration of two buildings alleging that they were not in compliance with the plans which had been approved by the appellants. The appellee filed her answer denying all of the material allegations of the bill of complaint.
The Chancellor placed his interpretation upon the restrictive covenants and held under the evidence that there had been no violation of the restrictive covenants which justified the relief sought and dismissed the bill of complaint.
It is uncontradicted that the appellants had purchased about two miles of beach property along the Gulf of Mexico in Lee County. They subdivided and platted the property and recorded the plats in the public records of Lee County, Florida. In due course the appellee purchased four lots and received a warranty deed according to said recorded plat. The deed not only contained the restriction hereinabove quoted but also contained the following: "Said lot shall be used for residential purposes only, and no refreshment stands, or amusement enterprises shall be permitted on any lot in this subdivision, except such lots as are designated business lots." Thereafter the appellee proposed to build two buildings on these four lots. One building was to be a single-story duplex and the other a two-story four-unit apartment building. The plans for the duplex were approved by the appellants, and before construction began, the plans for the four-unit building were disapproved by the appellants and the plans for such building were abandoned by the appellee.
The appellee proceeded to build two duplex buildings on the four lots but added two additional kitchen units and made *114 solid walls at two places in each building where the plans had called for passageways. The appellants contend that this change had the effect of making each building into four separate apartments. There was no approval for these changes by the appellants and they were not advised of such changes.
The issue finally presented and tried by the Chancellor was whether or not the changes above set forth violated the restriction requiring plans for buildings to be approved by the appellants and entitled the appellants to a mandatory injunction requiring the buildings to be altered to conform with the plans approved. The trial Court answered these questions in the negative and made and entered a final decree dismissing the bill of complaint.
The appellants had some rights in this matter and one of the rights was to see and approve the plans for any buildings to be erected on the lots in question. This reserved right does not appear to have been unreasonable or arbitrary or to have been exercised in an unreasonable or arbitrary manner.
The appellee insists that the two covenants contained in the deed should be construed together. Each is a separate and independent covenant. One is that the lot shall be used for residential purposes only. Under this covenant the lot could not be used for a mercantile establishment, a refreshment stand or an amusement enterprise whether the plans for such structures were submitted to the appellants or not. Under the other covenant, not even a building for a residential purpose could be erected unless the plans were submitted to and approved by the appellants in the absence of any question concerning "unreasonableness or arbitrariness".
There may be an essential difference between the use to which a building or lot may be put and the type of building to be erected upon a lot. Bucklew v. Trustees Bayshore Baptist Church, Fla., 60 So.2d 182.
Reversed, with directions to set aside the final decree dismissing the bill of complaint, and for further proceedings in accordance with this opinion.
ROBERTS, C.J., and TERRELL, J., and MURPHREE, Associate Justice, concur.