218 So.2d 803 (1969)
Floyd J. VOIGHT, Harry I. Schuster and Beulah Schuster, His Wife, Appellants,
v.
HARBOUR HEIGHTS IMPROVEMENT ASSOCIATION, Inc., a Florida Corporation Not for Profit, Appellee.
No. 981.
District Court of Appeal of Florida. Fourth District.
February 18, 1969.
*804 Robert C. Scott, of Cabot, Scott & Wenkstern, Fort Lauderdale, for appellants.
Harrison D. Griffin, of Kelley, Thompkins & Griffin, Fort Lauderdale, for appellee.
PER CURIAM.
Appellants' real property in Harbour Heights Addition was subject to certain deed restrictions as covenants running with the land. Although the subdivision was primarily single family residences, appellants' property was within an area which permitted use for multi-family residences including duplexes, apartments and hotels. Included in the deed restrictions were requirements for easements for utility and drainage, minimum building and lot sizes and various other miscellaneous restrictions such as prohibiting the keeping of certain animals, drilling for oil and the filling of lots, and regulating the building of boat houses, sea walls, etc. Of primary importance in this case was the following requirement concerning the filing of any plans of proposed construction:
"5. Filing of Construction Plans:

In order to insure that the homes and other buildings in Harbour Heights Addition will preserve a uniformly high standard of construction, no building or other structure shall be erected, *805 placed, or remain on any building lot in this subdivision until a set of plans of the working drawings, approved by an architect registered in the State of Florida, including a plot plan showing the location of the buildings or other structures, walls, fences, driveways, poles, property lines and setbacks, is submitted to such Agent as may be designated by the owners and subdividers, and the same is approved by said Agent, as meeting the requirements of these restrictions and building code requirements of Fort Lauderdale, Florida. (Emphasis added.)
* * * * * *
"Refusal of approval of plans and specifications by the subdividers' Agent may be based on any ground which, in the sole and uncontrolled discretion of the subdividers' Agent, shall seem sufficient. * * *"
Appellants, desiring to erect on their property two 7-story apartment buildings, sought from appellee, as the agent of the subdividers, approval of such plans. Approval being denied, appellants filed suit for declaratory decree as to their rights under the deed restrictions. All parties having moved for summary judgment, the court entered an order entitled "Interlocutory Order" in which the court set forth a comprehensive review of the facts and the law which the court found to be applicable. The facts establish that Harbour Heights Addition is a residential community, predominately composed of one-story. single family residences and that the membership of the appellee association had declined to approve appellants' plans for the principal reason that the proposed buildings were too large and too high and differed greatly in height, mass, occupant density and structural appearance from the other structures contained in the subdivision. Recognizing that the restrictions gave the owners' agent sole and uncontrolled discretion to refuse approval of plans submitted, the court nonetheless held that such veto power could not be exercised unreasonably or arbitrarily. The appellee association was ordered to file with the court within thirty days a plan setting forth the standards as to height, number of units and acceptable aesthetic appearance which the association would approve for multi-family dwellings. The order also provided that should appellee fail to comply, the court then would hold that appellee had acted arbitrarily and would direct it to approve the plans as submitted by appellant.
The association complied with this court order indicating, among other things, that it would approve construction of three stories in height. The court thereupon entered its final decree declaring that appellants had the right to construct multi-family structures not greater than three stories in height which otherwise complied with the zoning laws of the City of Fort Lauderdale and that appellants' building plans as originally submitted calling for twin 7-story structures, being a departure from the makeup of the neighborhood, violated the restrictive covenants.
Covenants reserving the right in third persons to approve or disapprove of planned construction in subdivisions are entirely valid and the action of approving or disapproving of construction plans will be upheld if exercised reasonably.[1]
Likewise, covenants restraining the free use of real property, although not favored, will nevertheless be enforced where the intention of the parties is clear and the restrictions and limitations are confined to a lawful purpose and within reasonable bounds, but such covenants are strictly construed in favor of the free and unrestricted use of real property.[2] Any substantial ambiguity *806 must be resolved against the party claiming the right to enforce the covenant.[3]
The deed restrictions, by expressly permitting multi-family dwellings including apartments and hotels on certain designated lots within the subdivision [including appellants'] necessarily contemplate that apartments and hotels might be constructed within the subdivision. The deed restrictions expressly avoided placing any height limitation on such buildings. This alone would indicate an intent on the part of the subdividers that there be no height limitation under the deed restrictions although of course there might be such under the city building code or the city zoning code. But appellee did not disapprove appellants' construction plans on the basis of a violation of a specific restriction in the deed or the city building code, but based its disapproval on the fact that the proposed structures were so completely different in appearance, height, mass and general layout as to be inharmonious and out of keeping with the general plan of construction and development followed in Harbour Heights. The "general plan of construction and development" of the subdivision was that of single family residences. Since apartments and hotels by their very nature would reasonably be expected to be so completely different in appearance, height, mass and general layout as to be inharmonious with appearance, height, mass and general layout of single family residences, appellee appears to have exercised its authority unreasonably.
Applying a strict construction to the restrictive covenants of the deed we are of the view that the provision giving the subdividers' agent the right of disapproval of construction plans limits that right to a determination of whether the submitted plans and proposed uses of the property meet the specific requirements of the deed restrictions and the building code of Fort Lauderdale, Florida. If they do not, and the appellee association in the exercise of its discretion determines that such failure is a sufficient basis to refuse approval, it would have that right. But the discretionary clause in the deed restriction does not permit the appellee association to arbitrarily establish height and size limitations more restrictive than those set forth in the deed or the building code of the city and then lawfully exercise its right of disapproval for the failure to meet the more restrictive requirements established by it. Thus, plans submitted for construction and uses which violate none of the specific requirements of the deed restrictions or the building code of the city, must be approved by the appellee if the applicant is not for some other reason barred from seeking such approval.
The parties appear to have conceded for the purpose of this appeal that appellants' building plans did not violate any expressed prohibition of the deed restrictions nor any of the applicable building code requirements of the City of Fort Lauderdale, Florida. These facts, however, do not appear to have been established of record or expressly considered by the trial court. Likewise, the record discloses that appellee had asserted an affirmative defense and the court has not determined its legal sufficiency nor taken any proof in support thereof, if the same is determined legally sufficient.
Reversed and remanded for further proceedings not inconsistent herewith.
REED and OWEN, JJ., and DYKES, ROGER, Associate Judge, concur.
NOTES
[1] See Annotation. 19 A.L.R.2d 1274; cf. Engvalson v. Webster, Fla. 1954, 74 So.2d 113.
[2] Moore v. Stevens, 1925, 90 Fla. 879, 106 So. 901, 43 A.L.R. 1127; Hagan v. Sabal Palms, Inc., Fla.App. 1966, 186 So.2d 302.
[3] Moore v. Stevens, 1925, 90 Fla. 879, 106 So. 901.