528 So.2d 989 (1988)
CORAL GABLES INVESTMENTS, INC., d/b/a Club Apartments, Appellant,
v.
The GRAHAM COMPANIES, a Florida Corporation f/k/a the Sengra Corporation, Appellee.
No. 88-1185.
District Court of Appeal of Florida, Third District.
July 26, 1988.
*990 Kirkpatrick & Lockhart and Dennis A. Nowak and Scott S. Small, Miami, for appellant.
Greenberg, Traurig, Askew, Hoffman, Lipoff, Rosen & Quentel and Raquel A. Rodriguez, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
NESBITT, Judge.
This is an appeal from an order enforcing a restrictive covenant and granting a permanent injunction prohibiting the covering of apartment building roofs with fiberglass shingles. We affirm.
Appellant Coral Gables Investments, Inc., (CGI), owns several apartment buildings within the Miami Lakes subdivision which are subject to a restrictive covenant contained in the warranty deed. According to the terms of the covenant, any property owner seeking to make alterations must first submit plans to the Miami Lakes Architectural Control Committee for approval. The covenant further states that plans may be refused on any grounds, "including purely aesthetic grounds". CGI took title to the subject property from Club Apartments, Inc. Some years after the apartment buildings were constructed, CGI began to replace the original wood shingles with fiberglass shingles without prior approval of the architectural control committee. Work was underway when the committee demanded that the re-shingling stop. The Miami Lakes developer, Graham Companies, then commenced this action seeking permanent injunctive relief.
Appellants argue that the covenant did not specifically prohibit the use of fiberglass shingles, and it is arbitrary and unreasonable to read the covenant to manifest such intent. The trial court found these arguments to be unconvincing, entered the injunction, and ordered that wood shingles be used. We agree and affirm.
Restrictive covenants contained within a deed which reserve the grantor's right to approve plans for improving the land are valid and enforceable against the grantee unless that right or the exercise of it is arbitrary and unreasonable. Engvalson v. Webster, 74 So.2d 113 (Fla. 1954); Kies v. Hollub, 450 So.2d 251 (Fla. 3d DCA), review denied, 453 So.2d 1364 (Fla. 1984). At trial, competent evidence was presented showing that wood shingles are safer and more aesthetically pleasing than their fiberglass counterparts. Expert testimony demonstrated that wooden shingles are heavier than those made of fiberglass, do not deteriorate as quickly, and withstand the forces of nature, including hurricane force winds, better than fiberglass shingles. A roofing expert testified that fiberglass shingles do not meet the minimum requirements of the South Florida *991 Building Code for wind resistance, whereas wood shingles do. There was also evidence to establish that, aesthetically, wood shingles are superior in both appearance and enhancement of market value of property. This evidence amply supported the finding that enforcement of the covenant was not arbitrary and unreasonable.
Moreover, the covenant put the appellant on notice that any improvement plans had to be approved by the architectural control committee and that the committee had broad discretion in approving plans. Such discretion would logically include control over the type of building materials used; the covenant states, "Any change in the exterior appearance of any building ... shall be deemed an alteration requiring approval." It was therefore incumbent upon CGI to comply with the covenant's requirements.
Additionally, the de facto building scheme of the subdivision put appellant on notice that the material it was using was prohibited. Only government buildings and a few other isolated structures in the area do not have either wood shingles or cement tile roof covering. These buildings exist separately from the general scheme of development and do not impact negatively on the overall integrity of the building scheme's goal to preserve the beauty, symmetry, and uniformity of the development. Therefore, the covenant was equally enforceable on this basis. See Young v. Tortoise Island Homeowners Ass'n, Inc., 511 So.2d 381 (Fla. 5th DCA), review denied, 518 So.2d 1278 (Fla. 1987).
Finally, the doctrine of balancing conveniences is not applicable to the facts of this case. See Monell v. Golfview Road Ass'n, 359 So.2d 2 (Fla. 4th DCA 1978); Daniel v. May, 143 So.2d 536 (Fla. 2d DCA 1962).
Accordingly, we affirm the judgment of the trial court.