975 So.2d 601 (2008)
Ephraim FOONBERG, an individual, Batya Foonberg, a/k/a Batya Feinberg, an individual and Frank K. Feinberg, an individual, Appellants,
v.
THORNHILL HOMEOWNERS ASSOCIATION, INC., Appellee.
Nos. 4D06-3867, 4D07-852.
District Court of Appeal of Florida, Fourth District.
March 5, 2008.
Elliott H. Scherker, Julissa Rodriguez, and Brigid F. Cech Samole of Greenberg Traurig, P.A., Miami, for appellants Ephraim Foonberg and Batya Foonberg.
Robert Rivas and Jessica Slatten of Sachs & Sax, Tallahassee, for appellee.
KLEIN, J.
Appellants purchased a new home with a perimeter fence which had not been approved, as required by the homeowner's association. In a lawsuit filed by the association, the trial court granted the association declaratory and injunctive relief requiring the removal of the fence. We affirm.
Section 1 of Article VI of the Covenants provides that
"[n]o buildings, fence, wall, hedge or other structure or landscape improvement of any significant nature shall be . . . placed . . . upon The Properties . . . until the plans and specifications showing the nature, kind, shape, height, materials, color and location of the same shall have been submitted to and approved in writing as to harmony as to external design and location in relation *602 to surrounding structures and topography by the Board of Directors of the Association, or by an Architectural Committee . . . appointed by the Board.
The builder submitted plans to the association for approval which did not include a perimeter fence. After obtaining approval, the builder, at the homeowners' request, installed a white aluminum fence around the perimeter of the property, which was not submitted to the association for approval. Before the house was conveyed to the homeowners, the builder was informed by letter that this type of fence was not allowed, but the fence, which was 300 to 400 feet long was not removed.
After the homeowners closed, the association notified them that the fence had not been approved and was not in compliance with the rules. The association informed the homeowners that only two types of fences on the perimeter were allowed, wood shadow-box fences or stucco covered concrete fences. Of the seventy-eight lots which had fences, seventy-four were wood and three were stucco. There were no white aluminum perimeter fences, although one homeowner had such a fence around a pool, and another home had a white aluminum gate, attached to a perimeter fence which was either wood or stucco. The association did not regulate pool safety fences, because they were controlled by the building code.
One of the homeowners, Mrs. Foonberg, testified that they had a special needs child which required them to have both a perimeter fence and a pool safety fence. She had selected the white aluminum fence because she had been advised it was less likely to be damaged in a hurricane, and she did not want a wood fence, because they contained arsenic. The association's president testified that wood fencing without arsenic was readily available.
The trial court found as a matter of fact that the fence had not been submitted to the association for approval as the covenants required, and that the association had been consistent in applying its longstanding policy regarding the type of fences which were approved. The homeowners have appealed and base much of their argument on the second sentence of the following paragraph:
1. Declaratory relief is hereby entered in favor of the Association, and permanent injunctive relief is hereby entered against Defendants, EPHRAIM FOONBERG, an individual, BATYA FOONBERG a/k/a BATYA FEINBERG, an individual, and FRANK L. FEINBERG, an individual, that Defendants must immediately remove the remaining portions of the Fence, and that Defendants must seek and obtain prior approval of the Association, before construction of a new fence, if desired, on the Subject Property. The court does, however, want to make it clear to the parties that it may very well have ruled in favor of the Defendants had an appropriate application been made to the association for the fence constructed by Mr. Berdugo, and any Court reviewing any such application in the future would very carefully scrutinize the actions of the Plaintiff HOA pursuant to Voight v. Harbour Heights Improvement Association, Inc., 218 So.2d 803 (Fla. 4th DCA 1969), and Young v. Tortoise Island Homeowner's Association, Inc., 511 So.2d 381 (Fla. 5th DCA 1987).
The homeowners argue that, because there was evidence that the association would not have approved the white aluminum fence if there had been a proper application, the trial court did not consider their selective enforcement defense. They argue that, in light of the general principal that the law does not require one to perform a useless act, such as making the *603 application in this case, the court erred in not considering their claim of arbitrary enforcement. Chattel Shipping & Invest. v. Brickell Place Condo. Ass'n, 481 So.2d 29 (Fla. 3d DCA 1985) (an association is estopped from applying a regulation where selective enforcement has been demonstrated). This argument ignores an earlier paragraph in the final judgment which provides:
The Defendants have not presented sufficient evidence for this Court to conclude that the Association has unreasonably or arbitrarily exercised its discretion pursuant to Article VI, Section 1 of the Declaration, nor that it has selectively enforced the requirements in the Association's governing documents with respect to its position of not allowing white aluminum perimeter fences in the Thornhill Green community.
Because there was competent substantial evidence to support the finding of no selective enforcement, the homeowners' argument is not a basis on which to reverse. The gratuitous statement on which the homeowners rely is nothing other than an observation that homeowners who do not seek approval, where approval is clearly required, will find it more difficult to demonstrate that an association is being arbitrary.
We have considered the other issues raised by the homeowners and find them to be without merit.
Affirmed.
HAZOURI and DAMOORGIAN, JJ., concur.