935 So.2d 529 (2006)
Sean McINERNEY and Joan McInerney, Appellant,
v.
David G. KLOVSTAD and Marsha T. Klovstad, et al, Appellee.
No. 5D05-2722.
District Court of Appeal of Florida, Fifth District.
May 26, 2006.
Rehearing Denied August 7, 2006.
*530 Patrick A. McGee, of McGee & Powers, P.A., Orlando, for Appellant.
Mary B. Meeks, of Decubellis, Meeks, & Uncapher, P.A., Orlando, for Appellee.
ORFINGER, J.
Sean and Joan McInerney own a home in the Silver Lake Subdivision located in Seminole County. The McInerneys' property, like all other property in Silver Lake, is subject to the subdivision's declaration of covenants, conditions and restrictions. After receiving approval from the subdivision's Architectural Review Committee and the Seminole County building authorities, the McInerneys began construction of an addition to their home adjacent to the property owned by their neighbors, David and Marsha Klovstad. When the Klovstads realized that the McInerneys' addition would sit 3.45 feet from the side yard line adjacent to their property, the Klovstads, believing that the subdivision restrictions had been violated, instituted an action seeking injunctive and declaratory relief. In a summary final judgment, the trial court concluded that the subdivision's restriction, mandating a five-foot side yard setback on both sides of the property line, controlled over Seminole County's three-foot side yard setback on one side and seven-foot setback on the other side of the property line. As a result, the court ordered that the encroaching addition be removed. This appeal followed. For the reasons explained hereafter, we reverse.
We review a final order granting summary judgment de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). The McInerneys contend that the trial court erroneously construed section 7.31 of Silver Lake's subdivision declaration. They also argue that entering summary judgment was erroneous because the Klovstads failed to conclusively prove that there were no material facts in dispute and failed to address their affirmative defenses. Because we agree with the McInerneys' first contention, we do not need to address the second.
Section 7.31 of Silver Lake's subdivision declaration provides in pertinent part:
Side yard setbacks shall be five (5) feet on one side and five (5) feet on *531 the other side, with a minimum of ten (10) feet between buildings. . . . For the purpose of this covenant, eaves, steps and open porches shall not be considered as a part of the building; provided, however, that this shall not be construed to permit any portion of a building on a Lot to encroach upon another Lot. If there is any conflict between this section and applicable zoning regulations of the proper governing authority, said zoning regulations shall take precedence.
(Emphasis added). On the other hand, the Seminole County ordinance provides for side yard setbacks of no less than seven feet on one side of the property and three feet on the other side of the adjacent lot. Hence, while the space between houses is ten feet under both regimes, it is divided differently, creating the dispute presented here.
In its final judgment, the trial court concluded, in pertinent part:
The Court concludes that the language of § 7.31 of the Declaration is unambiguous in reflecting the intention of the parties thereto to establish a minimum 5-foot side setback for all properties in Silver Lake, unless Seminole County requires a more restrictive setback requirement, in which event Seminole County's setback requirements takes precedence. This construction is reasonable and logical and gives meaning and effect to all of the language of § 7.31. The construction argued by Defendants, that Seminole County's setback requirements take precedence because the Declaration's setback requirements are different from Seminole County's setback requirements, is not reasonable and logical, does not give meaning and effect to all provisions of § 7.31, and contravenes the expressed intent of the Declaration.
In determining whether the subdivision restrictions or Seminole County ordinances control the minimum side yard setbacks, the McInerneys contend that the term "any conflict," as used in section 7.31, means that if any difference exists between the subdivision's restrictions and Seminole County's ordinances, the ordinances control.[1] In contrast, the Klovstads advocate the position adopted by the trial court that Seminole County's ordinances apply only if they are more restrictive than the subdivision's restriction.
Restrictive covenants will be enforced when they are "clear, reasonable and have a lawful purpose." Orange Gardens Civic Ass'n v. Harris, 382 So.2d 1340, 1342 (Fla. 5th DCA 1980). However, covenants that run with the land "must be strictly construed in favor of free and unrestricted use of real property." Lathan v. Hanover Woods Homeowners Ass'n, 547 So.2d 319, 321 (Fla. 5th DCA 1989) (citing Moore v. Stevens, 90 Fla. 879, 106 So. 901 (1925)). "[A] covenant which is substantially ambiguous is resolved against the party claiming the right to enforce the restriction." Snider v. Grodetz, 442 So.2d 344, 344-45 (Fla. 5th DCA 1983) (citing Washingtonian Apartment Hotel Co. v. Schneider, 75 So.2d 907 (Fla.1954)); see Moore; Orange Gardens Civic Ass'n. Therefore, in order to determine whether the trial court erred in its interpretation of section 7.31, we must first determine whether its meaning is ambiguous.
Language in a document is ambiguous when its provisions are fairly susceptible to more than one interpretation. Am. Quick Sign, Inc. v. Reinhardt, 899 So.2d 461, 465 (Fla. 5th DCA 2005); see also Barnett v. Destiny Owners Ass'n, 856 *532 So.2d 1090, 1092 (Fla. 1st DCA 2003) (stating that "[l]anguage in a document is ambiguous when it is uncertain in meaning and may be fairly understood in more ways than one and is susceptible of interpretation in opposite ways").
The final sentence of section 7.31 reads: "If there is any conflict between this section and applicable zoning regulations of the proper governing authority, said zoning regulations shall take precedence," but it does not define what "any conflict" means. Based on its plain language, we believe it was reasonable for the McInerneys to conclude that it meant "any difference." The McInerneys' understanding was also supported by Silver Lake's Architectural Control Committee and its Board of Directors, both of which determined that the Seminole County ordinance prevailed in this instance and approved the McInerneys' addition based on its compliance with the Seminole County setback requirements.
Equally true, it appears that the intent of Silver Lake's restriction in section 7.31 was to establish aesthetically-pleasing setbacks and ensure that construction did not encroach on neighboring lots. Consequently, it was also reasonable for the Klovstads to believe that Silver Lake would want to maintain its five-foot side setback provisions. Also, the Klovstads assert, and the trial court agreed, that Silver Lake's five-foot setbacks were more restrictive than Seminole County's. However, that is not necessarily the case. Section 7.31 is less restrictive on one side of the line separating two lots (Silver Lake's five-foot setback is less restrictive than Seminole County's seven-foot setback), and more restrictive on the other side (Silver Lake's five-foot setback is more restrictive than Seminole County's three-foot setback). We conclude that since section 7.31 is fairly subject to more than one interpretation regarding the primacy of Seminole County's regulations, its terms are ambiguous.
Section 7.31 of Silver Lake's restrictions was poorly drafted, causing the difference of opinion between the parties. If we were free to interpret the restriction, the Klovstads' interpretation is more appealing, as it appears to us more likely to enhance property values and maintain the neighborhood's aesthetics. However, based on our conclusion that section 7.31 is ambiguous, the rules of construction require that it be construed against the Klovstads who seek to enforce the restriction. Snider, 442 So.2d at 344; see Moore, 106 So. at 904 ("The expressed intent of the parties is the controlling factor. Intent unexpressed will be unavailing, and substantial ambiguity or doubt must be resolved against the person claiming the right to enforce the covenant"). For these reasons, the summary final judgment is reversed.
REVERSED.
LAWSON, J. and FALVEY, C., Associate Judge, concur.
NOTES
[1] The parties agree that the subdivision's restrictions can be more, but not less restrictive than the controlling governmental zoning regulations.