PER CURIAM.
We review de novo the trial court’s interpretation of a restrictive covenant. Concluding that the trial court incorrectly interpreted the covenant, we reverse.
After installing a new septic drain field, which all but destroyed the landscaping in his front yard, Appellant redesigned the landscape to include “hardscape” features, vegetation, and mulch, but no grass. He submitted a plan to Appellee, his homeowner’s association, for the hardscape changes, which included adding a retaining wall. Appellee approved the hardscape changes. After delays in the progress of the project, Appellant submitted a plan for the “soft” aspects of the landscape design, which Appellee rejected because it did not include a grass lawn. Although the parties raised numerous issues below and on appeal, the dispositive issue is whether the restrictive covenant unambiguously requires Appellee’s approval for Appellant’s non-structural changes to his lawn. The trial court concluded that the “plain” lan *180 guage of the covenant requires such approval and ordered Appellant to submit a new plan for approval in accordance with Appellee’s directives. Appellant challenges this conclusion, contending that the applicable provision is at least ambiguous. We agree.
Covenants that run with the land, such as the one at issue here, “must be strictly construed in favor of free and unrestricted use of real property.” Lathan v. Hanover Woods Homeowners Ass’n, 547 So.2d 319, 321 (Fla. 5th DCA 1989) (citing Moore v. Stevens, 90 Fla. 879, 106 So. 901 (1925)). Accordingly, an ambiguous covenant must be construed in favor of the landowner. McInerney v. Klovstad, 935 So.2d 529, 531 (Fla. 5th DCA 2006). “Language in a document is ambiguous when its provisions are fairly susceptible to more than one interpretation.” Id. (citing Am. Quick Sign, Inc. v. Reinhardt, 899 So.2d 461, 465 (Fla. 5th DCA 2005)).
At issue here is the interpretation of Article VI, section 1, of the development’s Declaration of Covenants and Restrictions, which provides:
Section 1. Approval of ARC. No building, fence, wall or other structure shall be commenced, erected or maintained upon the Property, nor shall any exterior addition to or change or alteration therein be made, unless it is in compliance with the zoning code of Orange County, Florida, and other applicable regulations and until the plans and specifications showing the nature, kind, shape, height, materials, and location of the same shall have been submitted to and approved in writing as to harmony of external design and location in relation to surrounding structures and topography by the Board of Directors of the Association, or by the Architectural Review Committee (ARC). (Emphasis added). Appellee concedes that the soft aspects of the Appellant’s landscape design are not a “building, fence, wall or other structure.” It argues, nevertheless, that the design constitutes an “exterior addition to or change or alteration” to the property, which it must approve under the language of the restriction. To reach this construction Appellee necessarily urges that the word “therein” is intended to refer to the word “property,” not the phrase “building, fence, wall or other structure.” Conversely, Appellant argues that the word “therein” refers not to the word “property,” but instead to the phrase “building, fence, wall or other structure.” We think Appellant’s construction is correct. The subjects of the sentence are “building, fence, wall or other structure.” It appears to us that the word “property” in the first part of the sentence is merely a reference to the land upon which the “building, fence, wall or other structure” is erected or maintained. It is only when additions or alterations are made to these structural components of the property that approval must be obtained.
We further observe that the construction urged by Appellee leads to an illogical result. If Appellee is correct, although it would have no authority to approve the non-structural aspects of a landscape design upon initial installation, it would have authority to approve additions and alterations. We fail to see how this accomplishes Appellee’s avowed objective of maintaining uniformity in the neighborhood. Appellee has authority to require homeowners to maintain their landscapes, but that authority is contained under a separate provision of the declaration of covenants.
On the other hand, Appellant’s construction is logical. Article VI, section 1, of the covenant gives Appellee authority to ap *181 prove the appearance of buildings, fences, walls, and other structures. It makes sense that it should also have the authority to approve additions, changes or alterations to those structures. In construing a covenant such as this, we are obligated to reach a construction that “comports with logic and reason.” Royal Oak Landing Homeowner’s Ass’n v. Pelletier, 620 So.2d 786, 788 (Fla. 4th DCA 1993).
Even assuming that our conclusion regarding the construction of the covenant is not correct, it is, at a minimum, a reasonable construction of an ambiguous covenant. Accordingly; we are obligated to construe it most favorably to Appellant. McInermey, 935 So.2d at 531.
Because of our resolution of this case, we also reverse the trial court’s attorney’s fee award in favor of Appellee.
REVERSED.
TORPY, C.J., PLEUS, R„ Senior Judge, and SWANSON, R., Associate Judge, concur.