WOLF, J.
A nursing home and its employees and agents challenge the trial court’s denial of their motion to compel arbitration. They argue the trial court erred in concluding that the arbitration agreement was unenforceable because it was signed by appel-lee Violet Joyce Carter as attorney-in-fact for her sister, appellee Betty Wilson. They challenge the trial court’s determination that the durable power of attorney agreement between appellees limited ap-pellee Carter’s ability to act as attorney-in-fact for appellee Wilson to claims involving only liquidated damages, and because the current' claim involved unliquidated damages, appellee Carter’s signature on the arbitration agreement was not binding. Appellees cross-appeal, questioning the trial court’s determination that the arbitration agreement was enforceable on its faeé.
We affirm without comment the issues on cross-appeal regarding the enforceability of the arbitration agreement on its face, but we determine the-power of attorney agreement was ambiguous. We reverse and remand' for the trial court to hold further proceedings concerning the intent of the parties regarding the power of attorney agreement.

Facts

Appellee Joyce Carter, as attorney-in-fact for her sister and co-appellee Betty *827 Wilson, sued the nursing home and its agents and employees, alleging both negligence and violation of appellee Wilson’s statutory rights pursuant to the nursing homes chapter, chapter 400, Florida Statutes. They sought damages including un-liquidated damages. The nursing home filed a motion to abate and compel arbitration pursuant to the arbitration agreement signed by appellee Carter as attorney-in-fact for her sister after her sister had been admitted to the nursing home.
The arbitration agreement, entitled “Optional Arbitration Agreement,” required arbitration of any dispute in excess of $25,000. Appellee Carter signed the arbitration agreement pursuant to the durable power of attorney agreement that she and her sister entered into in 2007. The durable power of attorney agreement contained numerous broad grants of power to appel-lee Carter to act as an attorney on behalf of her sister. Examples included the agreement’s authority for the attorney-in-fact to “take all lawful ways and means and legal and equitable remedies, procedures, and writs in my name for the collection and recovery thereof, and to compromise, settle, and agree for the same” and to “engage in and transact any and all lawful business of whatever nature or kind for me and in my name,” including the right to execute contracts as well as to “do and perform all and every act and thing whatsoever requisite necessary, and proper to be done in the exercise of any of the rights and powers herein granted.” It also granted appellee Carter the ability to sue for “liquidated or liquidated ” damages on behalf of her sister.
The nursing home alleged that the phrase “liquidated or liquidated” in the durable power of attorney agreement was an obvious clerical error which should have read “liquidated or unliquidated.” With this broad grant of power, the nursing home claimed that appellee Carter had the authority to sign the arbitration agreement, and thus the arbitration agreement should rightfully compel the sisters to arbitration.
The sisters, on the other hand, claimed that the language of the durable power of attorney agreement clearly limited the attorney-in-fact’s power to pursue only liquidated .damages. Thus, they argued ap-pellee Carter lacked the authority to bind appellee Wilson to arbitration in the current case because the requested remedy included unliquidated damages *
The trial court held that the durable power’ of attorney agreement was limited to liquidated damages, and because this matter involved unliquidated claims, the arbitration agreement was unenforceable here. As such, the court denied the nursing home’s motion to compel arbitration. We disagree with the reasoning of the trial court and reverse and remand for further proceedings consistent with this opinion.

Analysis

Because this is a matter of pure law regarding contract interpretation, the standard of review is de novo. See Rogers v. Vulcan Mfg. Co., Inc., 93 So.3d 1058, 1060 (Fla. 1st DCA 2012). Here, each party alleges a different interpretation of the phrase “liquidated or liquidated,” found in the durable power of attorney agreement.
When provisions in a document are susceptible to more than one interpretation, the language in that document is ambiguous. See Bendo v. Silver Woods Cmty. Ass’n, Inc., 159 So.3d 179, 180 (Fla. 5th DCA 2015) (citing McInerney v. Klovstad, 935 So.2d 529, 531 (Fla. 5th DCA *828 2006)). When an agreement is ambiguous, the intent of the parties must be discerned in order to resolve the ambiguity. Douglass v. Buford, 9 So.3d 636, 637 (Fla. 1st DCA 2009).
' Instead of ruling on whether the phrase “liquidated or liquidated” in the durable power of attorney agreement was ambiguous, the trial court appeared to believe that it lacked the power to resolve any potential ambiguity in the durable power of attorney agreement and looked only to the specific phrase in interpreting the document.
We find this ruling erroneous because the trial court did not properly consider the competing interpretations of the phrase presented by the parties. Due to the competing interpretations, the trial court should have found that the phrase “liquidated or liquidated” was ambiguous and should have made factual findings regarding the parties’ intent. The trial court also failed to note that the limiting phrase “liquidated or liquidated” would have been an anomaly in the durable power of attorney agreement, which granted numerous sweeping ranges of authority to the attorney-in-fact.
Therefore, we reverse and remand for the trial court to conduct further proceedings to make appropriate findings of fact regarding the intent of the sisters in creating the power of attorney agreement. In making such findings, parol evidence, as well as the document as a whole, may be considered. See Emergency Assocs. of Tampa, P.A. v. Sassano, 664 So.2d 1000, 1002 (Fla. 2d DCA 1995).
REVERSED and REMANDED.
WETHERELL and BILBREY, JJ., concur.

 We note appellees' argument that the durable power of attorney agreement only gave appel-lee Carter the power to seek unliquidated damages seems at odds with the fact that Carter sought unliquidated damages in the underlying suit.