PER CURIAM.
This appeal involves a dispute between a master homeowner’s association and a sub-association in a planned unit development over which association is responsible to pay for repairs to a portion of that development’s surface water/storm water management system “SWMS” located within the sub-association’s area. The trial court granted summary judgment for the master association, finding that each association was responsible to maintain and repair those portions of the SWMS within its own common areas. The sub-association appeals, arguing first, that the case was not ripe for summary judgment and second, that the master association was exclusively responsible to maintain the entire SWMS throughout the development. Reviewing the matter de novo, see McInerney v. Klovstad, 935 So.2d 529, 530 (Fla. 5th DCA 2006), we reverse the summary judgment and remand for further proceedings. Because there is ambiguity within the master declaration, and between the two declarations, as to which association is responsible to maintain the SWMS within the subdivisions, the case should not have been summarily decided. See, e.g., S & T Anchor *106 age, Inc. v. Lewis, 575 So.2d 696, 699 (Fla. 3d DCA 1991) (“[W]here the terms of the instrument are ambiguous, casting doubt upon the intent of the parties, this intent must be determined by the trier of fact, and is not to be determined upon a motion for summary judgment.” (quoting Westchester Fire Ins. Co. v. In-Sink-Erator, 252 So.2d 856, 858 (Fla. 4th DCA 1971))); see also OBS Co. v. Pace Constr. Corp., 558 So.2d 404, 406 (Fla.1990) (finding that although subcontract was clear and unambiguous, patent ambiguity resulted when conflicting provisions of general contract, which were incorporated into subcontract, were considered).
REVERSED AND REMANDED.
LAWSON, C.J., COHEN and LAMBERT, JJ., concur.