# Third District Court of Appeal

## State of Florida

Opinion filed March 1, 2023.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D21-1893
Lower Tribunal No. 19-120-K

————————

## Eric Dickstein and Owen Trepanier,
Appellants,

vs.

## Richard C. Walker, et al.,
Appellees.

An Appeal from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

Easley Appellate Practice, PLLC, and Dorothy F. Easley; Behar, Gutt & Glazer, P.A., and Brian S. Behar (Fort Lauderdale), for appellants.

HolsonbackLaw, P.A., and John P. Holsonback (Tampa), for appellees.

Before EMAS, HENDON and MILLER, JJ.

PER CURIAM.

Affirmed. See Lloyd S. Meisels, P.A. v. Dobrofsky, 341 So. 3d 1131, 1133-34 (Fla. 4th DCA 2022) ("The Florida Supreme Court recently amended Florida Rule of Civil Procedure 1.510 to conform with the federal summary judgment standard. See In re Amendments to Fla. R. Civ. P. 1.510, 309 So. 3d 192, 192 (Fla. 2020) (adopting the federal summary judgment standard); In re Amendments to Fla. R. Civ. P. 1.510, 317 So. 3d 72, 74 (Fla. 2021) (largely replacing the text of existing rule 1.510 with the text of Federal Rule of Civil Procedure 56). . . . Under the amended rule, summary judgment is appropriate where 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.' Fla. R. Civ. P. 1.510(a) (2021). In applying the amended rule, 'the correct test for the existence of a genuine factual dispute is whether 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' In re Amendments to Fla. R. Civ. P. 1.510, 317 So. 3d at 75 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)"). See also Beach Towing Servs., Inc. v. Sunset Land Assocs., LLC, 278 So. 3d 857, 860-61 (Fla. 3d DCA 2019) ("'When interpreting a contract, the court must first examine the plain language of the contract for evidence of the parties' intent.' Perez-Gurri Corp. v. McLeod, 238 So. 3d 347, 350 (Fla. 3d DCA 2017). 'The expressed intent of the parties is the controlling factor. Intent unexpressed

2

will be unavailing, and substantial ambiguity or doubt must be resolved against the person claiming the right to enforce the covenant.' Moore v. Stevens, 90 Fla. 879, 106 So. 901, 903 (1925), quoted in McInerney v. Klovstad, 935 So. 2d 529, 532 (Fla. 5th DCA 2006). Expressed intent is that found on the face of the covenant 'as shown by the language of the entire instrument in which the covenant appears.' Moore, 106 So. at 903, see also Wilson v. Rex Quality Corp., 839 So. 2d 928, 930 (Fla. 2d DCA 2003) ('In construing restrictive covenants the question is primarily one of intention, and the fundamental rule is that the intention of the parties as shown by the agreement governs, being determined by a fair interpretation of the entire text of the covenant'). Moreover, it is well settled that a single contractual term must not be read in isolation. Id. Rather, the goal is to arrive at a reasonable interpretation of the entire agreement, and to construe contractual terms 'in such a manner as to give them a meaning consistent with the apparent object of the parties in entering into the contract.' Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Fin. Corp., 302 So. 2d 404, 407 (Fla. 1974)").